# Rasp *v.* Rasp et al., Appellants.

*Judgments—Opening judgments—Evidence — Sufficiency—Discretion of court.*

A petition to open a judgment is addressed to the sound discretion of the court, and refusal of the same will not be reversed on appeal, in the absence of the abuse of such discretion.

Where the evidence presented to support the petition to open the judgment was that of a single witness uncorroborated by other testimony, the credibility of the witnesses was a question for the court, and the refusal to open the judgment did not constitute an abuse of discretion.

Argued April 29, 1922. Appeal, No. 8, April T., 1922, by defendant, from judgment of C. P. Allegheny County, January T., 1919, No. 204, discharging rule to open

judgment in the case of Christ Rasp v. William Rasp and Kunigunde Rasp. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Rule to open judgment. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Lowrie C. Barton,* and with him *Lewis M. Alpern,* for appellants.

*Howard Zacharias,* and with him *Harry Shapera,* for appellee.

OPINION BY PORTER, J., July 13, 1922:

This is an appeal from the refusal of the court below to open a judgment entered by confession, under a warrant contained in a note. The note was a definite and unqualified promise to pay. The petition of the defendants praying the opening of the judgment contained many averments which are now conceded by their learned counsel to be immaterial. The only question which the court below was, under the evidence, called upon to consider was as to the consideration for the note, agreed upon by the parties at the time it was executed and delivered. The evidence produced by the defendants, if true, established that the only persons present at the time the consideration was agreed upon and the note delivered were Christ Rasp, the plaintiff, and Kunigunde Rasp, one of the defendants. Kunigunde Rasp, the wife of William, the other defendant, testified that the consideration for the note was the promise of Christ Rasp to convey to her a farm in Indiana Township and a house

and lot on Harmar Street, in the City of Pittsburgh; that the plaintiff had conveyed to her the farm in Indiana Township, the deed for which she had received and recorded, but that plaintiff had refused to convey the house on Harmar Street, and the consideration had to that extent failed. Christ Rasp, the plaintiff, distinctly and unequivocally contradicted these assertions and testified that the consideration for the note was his conveyance of the farm in Indiana Township and that he had not promised to convey the lot on Harmar Street. The facts that the plaintiff had, on October 16, 1917, the day after the note was dated, conveyed the farm in Indiana Township to Mrs. Rasp and that she had after the delivery of that deed paid seventy-five dollars interest on the note in question and about a year after the date thereof had paid three hundred dollars on account of the principal, were upon all hands admitted. We have thus an attempt by the defendants to overcome the strong prima facie case presented by the written promise to pay by the assertion of a parol contemporaneous agreement, supported by the testimony of but a single witness. This was the case of oath against oath, and the credibility of the witnesses was a question for the learned judge of the court below. Our inquiry is confined to the question whether the discretion vested in the court below has been abused: Cruzan v. Hutchison, 210 Pa. 88; Augustine v. Wolf, 215 Pa. 558; Kline v. Fitzgerald Bros., 267 Pa. 469. We certainly would not be warranted in holding that the discretion of the court below was not properly exercised.

The appeal is dismissed.