# Hale, Appellant, v. Uhl.

*Practice, C. P.—Statement of claim—Time of filing—Rules of court—Act of May 14, 1915, P. L. 483—Judgment of non pros.*

1. Under the Act of May 14, 1915, P. L. 483, and prior legislation, and even under the general powers of the court of common pleas, the court may adopt a rule of court providing that if the statement of claim is not filed within sixty days from the date of the issuance of the summons, judgment of non pros may be entered as of course.

*Practice, C. P.—Striking off judgment of nonpros—Laches—Appeals—Abuse of discretion.*

2. An application to strike off a judgment of non pros like one to open a judgment is an appeal to the equitable powers of the trial court, whose decision will not be reversed on appeal except to correct a manifest abuse of discretion.

3. To warrant a trial court to grant a plaintiff relief from judgment of non pros, application therefor must be promptly made and of sufficient cause.

4. A delay of seven months after the judgment was entered will justify the refusal of relief, especially where it appears no application was made until two years and four months had elapsed since the suit was brought, and three years and three months since the cause of action arose.

5. It is not a valid excuse for the delay that one of the attorneys who lived in another county did not know of the sixty-day rule of court, and that he had sickness in his family, and this is especially true where defendant made every effort to secure the filing of the statement. Fuel City Mfg. Co. v. Waynesburg P. Corp., 268 Pa. 441, distinguished.

Argued May 7, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 54 and 55, Jan. T., 1928, by plaintiff, from order of C. P. Bedford Co., Sept. T., 1924, Nos. 294 and 500, refusing to take off judgments of non pros, in cases of Calvin Hale v. Charles F. Uhl.   Affirmed.

Petition to take off judgments of non pros.   Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

Petitions refused.   Plaintiff appealed.

*Errors assigned* were orders, quoting record.

*John A. Hoober,* with him *Harry C. James,* for appellant.—Rules of court are but a means to accomplish the ends of justice, and the court always has the power to modify, suspend or rescind its own rule whenever justice requires it: Lance v. Bonnell, 105 Pa. 46; Smith v. Smith, 49 Pa. Superior Ct. 423; Strouse v. Bard, 8 Pa. Superior Ct. 48.

The negligence of an attorney is excusable when attributable to an honest mistake: Gerz v. Am. Leaf Assn., 15 Pa. Dist. R. 992; Boyer v. Jones, 1 Woodward 498; Kelly v. Schollenberger, 16 W. N. C. 507.

Where the testimony is conflicting and it appears that the only way justice can be done is by a full and fair trial before a jury, the court will open the judgment: Budd v. Coyer, 273 Pa. 309; Fuel City Mfg. Co. v. Products Co., 268 Pa. 441.

A judgment taken through an honest mistake will be corrected: McFadden v. Bank, 28 Pa. Superior Ct. 583; Kender v. Wilkowski, 34 Pa. C. C. 201.

Relief will be granted from a judgment entered by default as a result of the mistake or oversight of counsel where application is promptly made, a reasonable explanation or excuse for the default offered and a defense

shown on the merits: Fuel City Mfg. Co. v. Corp., 268
Pa. 441.

*George G. Patterson*, with him *Frank E. Colvin*, for
appellee.—A reasonable rule of court adopted for the
purpose of expediting the administration of justice has
always been within the spirit and letter of the law, and
especially the Practice Act: Dever v. Kathrins & Golen,
82 Pa. Superior Ct. 140.

Plaintiff must show reasonable excuse for delay: Fuel
City Mfg. Co. v. Corp., 268 Pa. 441, 445; Rothkugel v.
Smith, 70 Pa. Superior Ct. 590, 591; Work v. Adams, 72
Pa. Superior Ct. 262; Waring Bros. v. R. R., 176 Pa.
172; Stewart v. Phila., 240 Pa. 569.

Defendant is not responsible for plaintiff's default:
Neff v. Seidman, 80 Pa. Superior Ct. 489; Noll v. Corp.,
76 Pa. Superior Ct. 510; Com. v. Beary, 9 Pa. Superior
Ct. 246.

The court below is the best judge of its own rules:
Newman v. Indemnity Co., 275 Pa. 374; Johnson v. Nip-
pert, 286 Pa. 175; Bair v. Hubartt, 139 Pa. 96; Stamey
v. Barkley, 211 Pa. 213.

OPINION BY MR. JUSTICE WALLING, June 30, 1928:

These suits in trespass, respectively against the owner
and driver of an automobile, grow out of the same occur-
rence and will be disposed of in one opinion. They
were brought in August, 1924, on account of an acci-
dent which happened in September, 1923. Section 23 of
the Practice Act of May 14, 1915, P. L. 483, provides (p.
487): "The courts of common pleas shall make such
rules as they deem advisable for the proper enforcement
of this act." Pursuant thereto the Court of Common
Pleas of Bedford County adopted a rule which provides,
inter alia: "In actions of assumpsit and trespass. . . . . .
brought in the court of common pleas. . . . . . , if the
plaintiff's statement be not served upon the defendant
and filed with the præcipe, it shall be served upon the

defendant and filed, in accordance with the Practice Act of 1915, within sixty (60) days from the date of the issuance of the writ of summons. If the plaintiff fail to serve his statement upon the defendant and file it within, the said period of sixty (60) days, the prothonotary shall enter judgment of non pros as of course." No statement of claim was filed or served in either case and on July 18, 1925, on motion of defendant's attorney, the prothonotary entered judgment of non pros in the suit against the defendant Charles F. Uhl and on May 12, 1926, like action was taken in the suit against the defendant Henrietta Uhl, who was abroad when the first writ was issued. Thereafter, on December 21, 1926, plaintiff in each case filed a petition to strike off the judgment of non pros. After answers were filed and testimony taken, the trial court, upon due consideration, refused the petitions; therefrom plaintiff brought these appeals.

An application to strike off a judgment of non pros, like one to open a judgment, is an appeal to the equitable power of the trial court, whose decision will not be reversed on appeal except to correct a manifest abuse of discretion (see Johnson v. Nippert, 286 Pa. 175; Waring Bros. & Co. v. P. R. R. Co., 176 Pa. 172; Bair v. Hubartt, 139 Pa. 97; Rasp v. Rasp et al., 79 Pa. Superior Ct. 29; Yeier v. Scottish Nat. Ins. Co., 63 Pa. Superior Ct. 265; Smith v. Smith, 49 Pa. Superior Ct. 423; Ilyus v. Buch, 34 Pa. Superior Ct. 43; Strouse & Co. v. Bard, 8 Pa. Superior Ct. 48; Neff v. Seidman, 8 Pa. Superior Ct. 489), of which this record is barren. The judgments were entirely regular under the court rule above cited, which rule was perfectly valid, not only under the Practice Act, but under prior legislative authority. See Acts of May 24, 1878, P. L. 135, and of June 11, 1879, P. L. 125. Such rules are valid even in the absence of statutory authority: Murta et al. v. Reilly, 274 Pa. 584.

To warrant a trial court granting a plaintiff relief from judgment of non pros, application therefor must be

promptly made. See Kantor v. Herd et al., 276 Pa. 519. The delay in the instant cases of seventeen months in one and seven months in the other was alone sufficient to justify the orders appealed from. The delay appears glaring in view of the fact that, prior to this application, over two years and four months had elapsed since the suits were brought and over three years and three months since the cause of action arose.

Furthermore, not only must the application for relief be promptly made, but reasonable excuse must be shown for the default. Here the appeals also fail, for no valid excuse was offered. Courts are prone to grant relief where the default results from the mistake or oversight of counsel, but its refusal here was fully justified. Plaintiff was represented of record by two attorneys—one a resident of York and the other of Bedford County—both presumed to know the court rules where they sought to practice, and the latter making no pretense that he did not. Moreover, defendants exhibited no undue haste, for prior to entering the non pros in either case their attorney repeatedly called the attention of plaintiff's local counsel to the matter and suggested the filing of statements. These suggestions were as often made known to the counsel at York (the original attorney for plaintiff and familiar with the facts) with urgent requests that he either forward to the local counsel the statements, or the necessary data from which they could be prepared. These requests were ignored and the excuse given by the attorney at York is that he was ignorant of the sixty-day rule in Bedford County and had sickness in his family,—neither sufficient. There is also the suggestion that meantime there were some unsuccessful negotiations with Mr. Uhl's insurance carrier, looking to an adjustment, which, of course, would not prejudice the defendants. If for such unsubstantial reasons a salutary rule of court could be set at nought, it would be useless, and a defendant would be unable to protect himself from intolerable delays. The case of Fuel City Mfg. Co.

v. Waynesburg P. C., 268 Pa. 441, relied upon by appellant, is not applicable. There the summons was issued and served on July 26th, returnable to the first Monday in September and the judgment for want of an affidavit of defense was entered nineteen days after the writ issued. The defendant's petition to open the judgment, accompanied by a sufficient affidavit of defense, was presented within six days and it was shown that the default resulted from the oversight of counsel, who was away on his vacation, relying on the unwritten rule of the local bar association that judgment by default would not be taken at that season, and also being of the opinion that judgment could not be taken against the defendant prior to the return day of the writ. Under such circumstances we held the trial court should have opened the judgment. But neither the facts of that case, nor anything there said, gives countenance to appellant's contention here.

The orders of the trial court refusing to take off the judgments of non pros are affirmed.