## REPUBLIC ACCEPTANCE CORPORATION v. MASSACHUSETTS BONDING & INS. CO.

Circuit Court of Appeals, Third Circuit.
August 27, 1929.

No. 3977.

A. Devoe P. Miller, of Pittsburgh, Pa., for appellant.

Charles F. Patterson, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns the right of the court below under its rule to non pros. a case for lack of due prosecution by the plaintiff. The case was brought April, 1921. On August 4, 1921, the defendant filed an affidavit of defense. On August 3, 1922, the plaintiff filed its præcipe for issue and the case was listed for trial. On August 15, 1924, another præcipe for issue was filed. On December 23, 1925, the clerk, in pursuance of rule 40 of the court, which provided for a non pros. "in every action at law in which no proceeding towards bringing it to issue, trial or determination has been taken for a period of three consecutive years," entered such judgment of non pros. On May 19, 1928, plaintiff petitioned to take off the non pros., which petition was, on July 3, 1928, refused.

From the above it will be seen that after the case was put at issue on August 3, 1922, no further steps were taken to speed the case, and under the rule the clerk had, on August 3, 1925, authority to enter a non pros. The filing of a second præcipe for issue in no way speeded the case, for it was already at issue and ready for due procedure, if due procedure was taken. A construction placed on its own rule by the court below is, under the authorities, not to be disturbed in the absence of abuse of discretion. Duncan v. U. S., 7 Pet. (32 U. S.) 435, 8 L. Ed. 739; Hale v. Uhl, 293 Pa. 454, 143 A. 115; Bethlehem Steel Co. v. Topliss, 249 Pa. 417, 94 A. 1099. Apart from this consideration, the fact that the plaintiff was so remiss in following up its case that 2½ years elapsed after the non pros. before it petitioned to take it off, thus affording further justification for the court's action, Hale v. Uhl, 293 Pa. 454, 143 A. 115.

The order of the court below is affirmed.