## Somerset County v. Upper Turkeyfoot Township

*James B. Landis*, county solicitor, for plaintiff.

*Shaver & Heckman*, for defendant.

BOOSE, P. J., June 11, 1937.—This case is before the court upon defendant's motion for entry of judgment of non pros, alleging as reason therefor that the summons was issued September 11, 1933, and duly served, and the

statement of claim was not filed until March 11, 1937. Upon the presentation of this motion on March 13, 1937, a rule was awarded upon plaintiff to show cause, to which it filed an answer admitting the dates of the issuing of the summons and the filing of the statement of claim, but denying defendant's right to judgment of non pros.

The motion is predicated upon Rule 39, sec. 3, of our Rules of Court, which provides:

"In all actions covered by the 'Practice Act Nineteen Fifteen' and in actions of slander and libel, if the plaintiff's statement is not filed within sixty days from the date of the writ of summons, the prothonotary shall enter judgment of non pros as of course."

Defendant's counsel cite and confidently rely upon Hale v. Uhl, 293 Pa. 454, to sustain their contention. The decision in that case rests upon the Bedford County rule, which is almost identical with our rule above quoted. But that case must be distinguished from the present one. There, unlike here, on motion of defendant's attorney, the prothonotary entered judgment of non pros after more than 60 days after the issuance of the summons and before the filing of the statement of claim. Plaintiff's petition to strike off the judgment of non pros was refused by the lower court and affirmed on appeal. If, in the instant case, judgment of non pros had been entered by the prothonotary upon motion of defendant's counsel after the expiration of 60 days from the date of the summons, and before a statement of claim had been filed, then it would fall within the rule laid down in Hale v. Uhl, supra. The failure of the defendant to move for judgment of non pros was in effect, a waiver of the requirement of the rule, and defendant is not now in position to move for judgment: Lessy v. The Great Atlantic & Pacific Tea Co., 13 D. & C. 400.

### Order

Now, June 11, 1937, the rule to show cause why judgment of non pros should not be entered is discharged.