## Chernavage v. Chernavage

Before Aponick, Flannery, and Lewis, JJ.

*Albert W. Brobst* and *Phillip M. Gorgold,* for plaintiff.

*William A. Valentine,* for defendant.

LEWIS, J., October 2, 1951.—Plaintiff, Mary Koval Chernavage, filed a complaint in divorce against defendant, Adam Chernavage, on September 7, 1949. On September 14, 1949, pursuant to a præcipe filed by defendant, a rule was entered upon plaintiff to file a bill of particulars. The bill of particulars was not

filed until July 3, 1951. On July 11, 1951, five days after counsel for defendant accepted service of the bill of particulars, defendant's counsel filed a præcipe for a judgment of non pros under Pa. R. C. P. 1128(b), because the bill of particulars was not filed within 20 days after service of the rule. The prothonotary, pursuant to the præcipe, entered judgment of non pros. On July 24, 1951, plaintiff petitioned this court to strike off this judgment of non pros and obtained a rule on defendant to show cause why the judgment of non pros should not be stricken. This rule is now before the court.

Plaintiff delayed almost two years after defendant's rule upon her for a bill of particulars was filed before she actually filed that pleading, although no extra time for filing had been allowed by the court. However, she did file the bill of particulars before defendant filed his præcipe for non pros under Pa. R. C. P. 1128(b).

Rule 1128(b) of the Pennsylvania Rules of Civil Procedure provides:

"If a bill of particulars is not filed within twenty (20) days after service of the rule, or within such further time thereafter as the court may allow, the prothonotary, upon præcipe of the defendant, shall enter a judgment of non pros."

It is true, as defendant contends, that rule 1128(b) does not make any distinction between the case where the præcipe for non pros is filed before the bill of particulars is filed and the case where the bill of particulars is filed after 20 days but before the præcipe for non pros is filed. However, such a distinction has been drawn by our courts in construing similar statutes. See Somerset County v. Upper Turkeyfoot Township, 29 D. & C. 717; Sheaffer et ux. v. Turrill, 31 D. & C. 463.

In Sheaffer et ux. v. Turrill, supra, the court said, at page 467:

"Under such a rule of court, defendant had the right to proceed to judgment of non pros at the expiration of one year. But since the right was not exercised, there was in effect a waiver of the requirement of the rule and acquiescence in the delay, and defendant cannot move for judgment of non pros after a statement has been filed."

However, even if the præcipe for non pros was in order, we, nevertheless, feel that we should strike off the non pros.

We can see nothing to be accomplished by affirming the judgment of non pros except delay and expense for both plaintiff and defendant, since plaintiff would undoubtedly commence a new action. Such a result would be contrary to Pa. R. C. P. 126, which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

An application to strike off a judgment of non pros is an appeal to the equitable powers of the court, and the decision rests in the court's discretion: Hale v. Uhl, 293 Pa. 454. In this case, defendant will be harmed in no way by striking off the judgment inasmuch as plaintiff could start another action immediately despite the entry of the non pros. No substantial right of either party will be affected by striking off the non pros, and such decision will materially accelerate a determination of the action on the merits.

Now, therefore, October 2, 1951, at 10 a.m., the rule on defendant to show cause why the judgment of non pros should not be lifted is made absolute, and the judgment of non pros, entered by the prothonotary on July 11, 1951, is hereby stricken from the record.