344 A.2d 828
John Robert WOODS and Anthony J. Pivirotto
v.
Gerald PECKICH et al.
Appeal of Raymond RADAKOVICH and Alan Frank.

Supreme Court of Pennsylvania.
Argued Oct. 10, 1974.
Decided Oct. 3, 1975.

Raymond Radakovich, Alan Frank, I.P.P., Pittsburgh, Stanley A. Uhr, Pechner, Sacks, Dorfman, Rosen & Richardson, Philadelphia, for appellants.

H. Yale Gutnick, Roger Curran, W. Arch Irvin, Jr., Robert E. Wayman, Wayman, Irvin, Trushel & McAuley, Pittsburgh, for appellee, Gerald Peckich.

Edwin J. Strassburger, Rose, Schmidt & Dixon, Pittsburgh, for appellee, Arthur Silverman.

W. Gregg Kerr, Jr., Edward G. O'Connor, Eckert, Seamans, Cherin & Mellott, Pittsburgh, for amicus curiae, The Levinson Steel Co.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The appellants, Raymond Radakovich and Alan Frank, were found guilty of contempt of court for the alleged violation of an order of the trial court of Beaver County. Although the proceedings leading up to the entry of the contempt order are quite lengthy and complex—involving various civil and criminal cases in two counties—we will confine ourselves to an outline of that portion of the dispute necessary to decide the instant appeal.

The contempt order against the appellants arose out of an equity proceeding filed by John Robert Woods and Anthony J. Pivirotto. Their complaint alleged that they

were in partnership with defendants, Gerald Peckich and Arthur Silverman, who had entered into an agreement to purchase certain industrial acreage in Beaver County from defendant A. M. Byers Company (Byers), a subsidiary of defendant, The General Tire and Rubber Company. Plaintiffs also alleged that defendants Peckich and Silverman had assigned their rights under the purchase agreement to an unknown third party who was to salvage certain materials located on the property, develop some of the property, and deliver title to approximately ninety acres of the property to defendants Peckich and Silverman. Additionally, plaintiffs joined as defendants various other parties whom they alleged were planning to participate in either the purchasing, leasing, or financing of portions of the industrial acreage. These additional defendants included Beaver County Industrial Development Authority who plaintiffs alleged was planning to purchase a portion of the industrial acreage, Levinson Steel Company, who would eventually use that portion of the acreage; and Mellon Bank, who would be involved in the financing. Plaintiffs sought an injunction against all defendants essentially requesting that all contemplated transactions be stopped, that the sales agreement for the industrial acreage be rescinded, and that the court order a new agreement which would include the plaintiffs.

The equity action was filed and indexed as a *lis pendens* against the industrial acreage. Defendants Peckich and Silverman filed an answer. Defendant Levinson Steel Company filed a motion requesting that the action be dismissed as to certain defendants. This motion was granted as to all defendants except the parties to the original sales agreement, Peckich, Silverman, Byers, and Byers' parent company, The General Tire and Rubber Company.

Defendant Levinson Steel Company also moved, as did Peckich and Silverman, to strike the *lis pendens*. A

hearing was held following which the trial court, with the consent of all parties, entered this order:

"AND NOW, April 22, 1974, it is ordered, adjudged and decreed as follows:

That the Prothonotary is directed to strike the indexing of the instant action as lis pendens against the real estate of A. M. Byers Company situate in Harmony Township; and

That as to approximately 50 acres of said real estate, there being no evidence that said 50 acres is involved in this action in any way, the striking shall be permanent; and

That as to the approximately 30 acres which is to be leased to Levinson Steel Company, the striking of lis pendens is to be permanent. Said 30 acres is bounded, more or less, as follows: On the East, by Duss Avenue; on the North by a line extending from Duss Avenue, parallel to and approximately 75 feet from the stream which runs beneath the Legionville Bridge; on the West, by property of the Penn Central Railroad and extending to a roadway; and on the South, by a line parallel to and 10 feet from the southerly side of Building 15. And, said premises shall include a portion of the railroad tracks known as Track No. 1 and the connection leading to the main line; and a right-of-way or easement across said roadway along the westerly side of the herein described tract.

That, as to the remaining approximate 90 acres, lis pendens shall be suspended solely for the purpose of permitting the necessary conveyances, leases or agreements to ultimately vest an interest in same in defendants, Peckich and Silverman; and

That defendants, Peckich and Silverman, are hereby ordered to proceed and do all in their power to have the other necessary parties proceed toward the goal of

vesting an interest in said 90 acres in said defendants at the earliest feasible time."

On April 25, 1974, Byers conveyed the industrial acreage to the J. J. Gumberg Company acting as nominee of the assignee of the purchase agreement (who had previously been described as unknown in plaintiffs' complaint). The unknown assignee turned out to be a foreign corporation not registered to do business in Pennsylvania, called Weiscorp, Inc., apparently controlled by Leonard Weisman, a nonresident of Pennsylvania. At this closing on April 25, 1974, a dispute arose concerning the legal fee which appellants herein were to receive for their representation of defendants Peckich and Silverman. The record is not clear whether the legal fee was due and owing from both Peckich and Silverman or only one of them. That question, however, is not relevant.

The following day, Gumberg, at the direction of Weiscorp, Inc., executed and delivered a deed to Peckich and Silverman conveying the parcel which Peckich and Silverman were to receive in accordance with the last paragraph of the court's order of April 22, 1974.

As a result of the dispute over legal fees, appellants, who had participated in the framing of the above quoted court order of April 22, 1974, filed an action in Allegheny County against Leonard Weisman and Weiscorp, Inc., the out-of-state resident and out-of-state corporation, alleging tortious interference with advantageous contractual relations that existed between the appellants and Peckich and Silverman. In that suit, appellants also named as garnishees various parties who allegedly were indebted, or would be indebted, in some way to Weiscorp, Inc., or to Leonard Weisman for property received, or to be received, as a result of the transactions involving the industrial acreage in Beaver County. In their Allegheny County action appellants also issued writs of foreign debtors attachment naming the various garnishees.

Subsequently, Peckich and Silverman filed a petition in Beaver County requesting that the appellants be cited for contempt of court. Peckich and Silverman contended that by issuing the writs of foreign attachment in their Allegheny County law suit, appellants violated the Beaver County order of April 22, 1974. A hearing was held, following which the trial court stated in its "Conclusions of Law" that appellants were guilty of "tortious abuse of process," "malicious use of process," "knowingly, wilfully and deliberately, with malice aforethought, interfer[ing] with . . . compliance with [the court order of April 22, 1974]," and "civil conspiracy," and entered a decree on July 2, 1974 adjudging the appellants herein guilty of contempt of court. That order was amended on July 8, 1974. The original and amended orders (a) imposed a fine of $10,000 per day or, alternatively, a commitment to the Beaver County Jail for failure to pay the fine; (b) set forth a method of remission of fine and commitment upon compliance with the Order of the court; (c) ordered a dissolution of certain attachments filed in Allegheny County and fixed $10,000,000.00 as the amount of a supersedeas bond in the event of an appeal; (d) stayed the fine imposed or the alternative jail commitment until 4:00 p. m., July 12, 1974; (e) enjoined petitioners from performing various other acts; and (f) ordered the Prothonotaries of Beaver County and Allegheny County to remit records in the event of an appeal.

On July 12, 1975, after the filing of this appeal, appellants' petition for supersedeas pending determination of the appeal was granted.

■■ We conclude that there was no basis for the trial court's conclusions of law or for the order adjudging appellants guilty of contempt of court. To be punished for civil contempt, a party must have violated a court order. *East Caln Township v. Carter*, 440 Pa. 607, 614–15, 269 A.2d 703, 707 (1970) and *In re Capuzzi's Estate*, 298 Pa. 71, 148 A. 48, 50 (1929). We are unable to

conclude that the appellants violated the Beaver County Court order of April 22, 1974, in any way. That order contained five paragraphs. The first paragraph directed the Prothonotary to strike "the indexing of the instant action [the equity action in Beaver County] as *lis pendens* [against the industrial acreage]." The next three paragraphs simply provide more specificity as to the implementation of the first paragraph. There has never been a claim, and indeed there is no evidence, that appellants prevented, or hindered in any way, the Beaver County Prothonotary's striking of the indexing of the equity action as a *lis pendens* against the industrial acreage. In fact, the parties all agree that the striking of the *lis pendens* had been accomplished by April 25, 1974, when Byers conveyed the industrial acreage to the nominee of Weiscorp, Inc. Thus, we fail to see how appellants violated any of the first four paragraphs of the trial court's order.

We arrive at the same conclusion concerning the fifth and final paragraph of the April 22, 1974 order. In its entirety this paragraph reads:

"That defendants, Peckich and Silverman, are hereby ordered to proceed and do all in their power to have the other necessary parties proceed toward the goal of vesting an interest in said 90 acres in said defendants at the earliest feasible time."

The above paragraph does not name the appellants, but at the time it was entered they represented at least one of the defendants mentioned. Furthermore, appellants had participated in framing the order, and that order was consented to by all parties. Even if we assume, without deciding, that because of their legal representation, appellants were bound by the fifth paragraph, we fail to find any evidence that they violated that paragraph. The fifth paragraph ordered the defendants in the equity action, Peckich and Silverman, to do all they

could to assure that other persons vested an interest in the industrial acreage in Peckich and Silverman. On April 26, 1974, when a deed was executed and delivered to Peckich and Silverman for that portion of the industrial acreage which they were to receive, this portion of the court's order was fully accomplished. We therefore find no basis for concluding that appellants violated the order.

■ Appellees have argued that the April 26, 1974 conveyance of a portion of the industrial acreage to Peckich and Silverman did not satisfy the court order because that deed stated that the precise boundary of the acreage which Peckich and Silverman received had not been determine and was therefore subject to a survey. They do not claim, however, that the deed was invalid or that the description of the property did not sufficiently identify it. At no time did appellants prevent, or attempt to prevent the transfer of the deed as contemplated by the fifth paragraph of the court's order. Even if Peckich and Silverman are to receive another deed after the completion of the boundary line survey, there is no allegation that appellants have prevented, or are preventing, Gumberg from conveying a new deed to Peckich and Silverman. Appellees' argument that this deed was not recorded is likewise without merit. There is no evidence that appellant's action prevented, or is preventing, the recording of the deed.

■ Appellees have also argued that the writs of foreign attachment issued in Allegheny County against the garnishees had the effect of imposing a cloud on the title to the industrial acreage in Beaver County. There are two answers to this. First, a writ of foreign attachment issued in Allegheny County cannot affect realty located in Beaver County or any other county. Rule 1254 of the Pennsylvania Rules of Civil Procedure specifically provides that "an attachment against real property of the

defendant may be issued in *and only in* a county in which all or any part of the property is located." (Emphasis added.) Rule 1254(b). Appellants' issuance of the writs of foreign attachment in Allegheny County therefore could have no effect on the title to real property in Beaver County.

Furthermore, if the writs of foreign attachment in Allegheny County in some way affected the industrial acreage in Beaver County, we fail to see how this would have constituted any violation of the Beaver County order of April 22, 1974. That order struck only the *lis pendens* arising out of a *particular Beaver County equity action filed at No. 561 of 1974.* That order did not purport to cover any other law suits. At the time the trial court's order of April 22, 1974 was entered, no dispute had arisen concerning appellants' legal fees. That dispute arose *after* the court's April 22, 1974 order. We fail to see how the April 22, 1974 order in any way related to or prohibited appellants or anyone else from filing a law suit to protect their rights. It may be that the filing of appellants' suit in Allegheny County, and the issuance of the writs of foreign attachment, have made various parties hesitant to consummate certain contemplated transactions concerning the industrial acreage in Beaver County. This is significantly different, however, from establishing that the appellants violated the April 22, 1974 court order.

Subsequent to the order finding appellants guilty of contempt of court, appellants filed a document in Allegheny County which read as follows:

"WE THE undersigned, RAYMOND RADAKOVICH and ALAN FRANK, hereby release, discharge, postpone any lien they, their heirs, executors or assigns possess by reason of the Writ of Foreign Attachment issued at the above number and term. This Release specifically applies to real estate, and real estate

only, formerly owned by the A. M. Byers Company, Harmony Township, Beaver, Pennsylvania, record title to which is held by the J. J. Gumberg Company and to be transferred unto various persons and firms, including Gerald Peckich, Arthur Silverman, Beaver County Industrial Development Authority, Levinson Steel Company and others and their successors and assigns in title. This Release specifically does not apply to any personal property, ownership of or title to which is presently held by any of the above parties or garnishees."

The Beaver County court concluded that the filing of this document did not purge the original contempt. Since we conclude that there was no violation by the appellants of the original court order, there is no need to consider whether they purged themselves of any original contempt.

We have considered other arguments raised by the appellees and find them to be without merit.

Order reversed.

JONES, C. J., and EAGEN and O'BRIEN, JJ., concur in the result.