## Briley v. Newton

*Gordon Gelfond,* for plaintiffs.
*Stephen G. Fox,* for defendant.

GELFAND, *J.*, September 27, 1977 — Although the docket indicates the matter herein is before the court on plaintiff, Grover Briley's petition to vacate a judgment of non pros entered on January 31, 1977, because he failed to appear for a medical examination ordered by the Honorable Paul Silverstein on November 24, 1976, the basis of the argument on petition and answer is the entry of judgment because of plaintiff's failure to appear for a deposition ordered by this court dated October 15, 1976. However, since the issue to be decided is the same in either event and inasmuch as the parties have framed it as being based on a violation of this court's order of October 15, 1976, the matter will be

adjudicated as a petition to vacate a judgment of non pros entered for violation of this court's order.

The issues presented for determination are whether plaintiff's alleged incarceration from November of 1975 until March 20, 1977, constituted a reasonable excuse for his failure to attend the deposition ordered by this court, thereby precluding the imposition of sanctions, and whether the instant petition meets the criteria of timeliness required to vacate judgments.

The factual background of this petition is as follows:

Plaintiff filed a complaint in trespass on May 14, 1975, claiming he had suffered personal injuries in a motor vehicle collision on December 31, 1974. He participated in discovery as late as October 23, 1975, when he took the affidavit to his answers to defendant's interrogatories. Thereafter, despite due notice thereof to his counsel of record, plaintiff failed to appear for depositions scheduled for December 11, 1975, and September 29, 1976. In addition, he failed to attend a medical examination which had been set up by agreement for January 6, 1976, and which had been confirmed by his counsel at 5:00 p.m., on the evening of January 5, 1976.

On February 24, 1976, defendant filed a motion to compel plaintiff's appearance for a medical examination pursuant to Pa.R.C.P. 4010(a). Plaintiff's counsel filed an answer which admitted his client's failure to appear, despite confirmation, on January 6, 1976, but averred that plaintiff was unavailable because he was then incarcerated. While no details were set forth as to plaintiff's specific whereabouts, plaintiff, in his answer, suggested that defendant should arrange the physical examination at the

place of incarceration and that the motion should be denied. Action on this motion was deferred until November 24, 1976, when the Honorable Paul Silverstein ordered plaintiff to appear for an examination within 60 days or suffer judgment of non pros.

In the meantime, on October 12, 1976, defendant filed a motion for sanctions to compel plaintiff's attendance at depositions pursuant to Pa.R.C.P. 4019. In answering this motion, plaintiff's counsel indicated that he had previously informed defendant's counsel of plaintiff's incarceration at Holmesburg Prison, and requested that this motion be denied on the basis that defendant be required to depose plaintiff in prison, pursuant to Pa.R.C.P. 4007(b). Defendant's counsel countered with the specific averment that he had ". . . called Holmesburg Prison and was advised that there was no inmate with the name Grover Briley at the Holmesburg Prison as of October 1, 1976" (Motion for Sanctions, at 2). Defendant then having raised a factual issue as to the actual incarceration and location of plaintiff, he requested that sanctions be imposed unless plaintiff's counsel could establish the whereabouts of the latter's client. Accordingly, in the absence of proof of plaintiff's whereabouts, this court was impelled to enter its order of October 15, 1976, requiring plaintiff to appear for depositions within 60 days or suffer judgment of non pros upon praecipe of defendant.

On December 21, 1976, plaintiff filed a motion to rescind Judge Silverstein's order of November 24, 1976, which the latter denied on April 1, 1977. However, while this motion was pending, a judgment of non pros was entered on praecipe of defendant's counsel on January 31, 1977, for plaintiff's failure to appear for deposition pursuant to

this court's order of October 15, 1976.[1] Also, due notice of the judgment was given to plaintiff's counsel pursuant to Pa.R.C.P. 236 on January 31, 1977. Thereafter, on April 11, 1977, the instant petition to vacate the judgment of non pros was filed in which plaintiff avers that his incarceration, successively at Holmesburg Prison, the Philadelphia Detention Center and Graterford Prison, rendered him unable to comply with the court's order to attend the deposition.

Plaintiff's petition here is paradoxical in that the affidavit attached to it avers he was incarcerated from November of 1975 until March 20, 1977, while in the body of the petition his counsel avers that he was unable to locate plaintiff at Holmesburg Prison or elsewhere and as a consequence was unable to respond to defendant's challenge to the "fact" of plaintiff's incarceration at Holmesburg Prison on October 1, 1976. In countering the petition, defendant denies any knowledge as to plaintiff's whereabouts from November of 1975 until March 20, 1977, while maintaining steadfastly that plaintiff was under an affirmative duty to avoid

---

1. See and compare the docket entry herein, "Judgment of Non Pros in favor of Defendant and against the Plaintiff for failure to comply with Judge Silverstein's Order entered 11/24/76. Entered." to the praecipe filed by defendant's counsel,

"TO THE PROTHONOTARY:

"Kindly enter judgment of non pros in favor of Defendant and against Plaintiff, GROVER BRILEY, in accordance with the Order of Judge Gelfand dated October 15, 1976, a copy of which is attached to this Praecipe and marked Exhibit 'A,' in that Plaintiff, GROVER BRILEY, failed to submit to oral depositions within sixty (60) days from October 15, 1976."

undue delay in the prosecution of his case by advising his counsel of his whereabouts.

In determining the reasonableness of the excuse alleged herein, this court is aware of the holding of Rapoport v. Sirott, 418 Pa. 50, 56, 209 A. 2d 421 (1965) [recently quoted by our Supreme Court in Woods v. Peckich, 473 Pa. 226, 233, 373 A. 2d 1345, 1348 (1977)] that:

"The entry of a default judgment by way of sanction for failure of a party to appear for the taking of his deposition is a drastic remedy and should be entered only in the clearest of cases. Unless the failure of a party to appear for the taking of a deposition is wilful, i.e., deliberate and intentional, and his duty to appear is clear and the record clearly and unequivocally reveals such to be the case, a default judgment should not be entered."

However, the record of this case clearly reveals that plaintiff failed to respond to three separate attempts to procure his attendance at deposition and, therefore, exhibited that degree of wilfulness which justified the imposition of sanctions under Pa.R.C.P. 4019 in Calderaio v. Ross, 395 Pa. 196, 150 A. 2d 110 (1959). Plaintiff in Calderaio was precluded from offering evidence as to the damages portion of his case at trial after his failure to file sufficient answer to interrogatories which had been propounded to him on three occasions.

Although unavailability for deposition due to incarceration is a basis for preclusion of sanctions, such excuse in this instance carries little weight because plaintiff failed to communicate his whereabouts to his counsel for more than 15 months and thereby precluded defendant from following the procedure laid out in Pa.R.C.P. 4007(b) relating to

discovery of prison inmates. In light of the fact that plaintiff's failure to make the necessary information available to defendant so latter could follow the applicable rule, the very existence of such a procedure detracts from rather than bolsters plaintiff's incarceration excuse. Judge Silverstein stayed his hand in the matter of the physical examination for some nine months while this court's order of October 15, 1976, gave plaintiff yet a further 60-day period in which to reveal his whereabouts to his counsel. The foregoing factual circumstances constrain this court to reject plaintiff's incarceration as an excuse for his failure to permit his deposition to be taken.

Pertaining to the basis for vacating a judgment of non pros, our Superior Court set forth the following criteria:

"In the case of Thorn v. Clearfield Borough, 420 Pa. 584, 586, 218 A. 2d 298, 299 (1966) our Supreme Court held that in order to vacate a judgment of non pros three criteria must be met: '(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused, and (3) that facts constituting grounds for a cause of action be alleged.' Accord, Goldstein v. Graduate Hosp. of the U. of Pa., 441 Pa. 179, 272 A. 2d 472 (1971); White v. Alston, 231 Pa. Super. 438, 331 A. 2d 765 (1974); Boyles v. Sullivan, 230 Pa. Super. 453, 326 A. 2d 440 (1974); Matyas v. A. Einstein Med. Center, 225 Pa. Super. 230, 310 A. 2d 301 (1973)."[2]

A finding that a cause of action exists ". . . is not necessary, although it may be relevant, if the action underlying the . . . judgment is in trespass rather

2. Dupree v. Lee, 241 Pa. Superior Ct. 259, 262, 361 A. 2d 331, 333 (1976).

than in assumpsit. Balk v. Ford Motor Co., 446 Pa. 137, 140 n. 3, 285 A. 2d 128, 130 n. 3 (1971); Jost v. Phoenixville Area School District, 237 Pa. Super. 153, 346 A. 2d 333 (1975)." Instapak Corp. v. S. Weisbrod Lamp & Shade Co., 248 Pa. Superior Ct. 176, 179 n. 2, 374 A. 2d 1376, 1377, n. 2 (1977).

The judgment from which relief is sought was entered on January 31, 1977, with due notice to plaintiff's counsel of record and the petition at bar was not filed until April 11, 1977. Accordingly, there was a delay of approximately 55 days between entry of judgment and the herein petition with no basis therefor except the alleged incarceration of plaintiff. It appears to this court that such excuse is no reason for granting the petition herein in light of the long line of cases rejecting such petitions where the reasons were weightier, and delays of: 54 days;[3] 47 days;[4] six to seven weeks;[5] three weeks;[6] and two and one-half weeks[7] were construed as untimely.

While it has been held that: "An application to strike off a judgment of non pros, like one to open a judgment, is an appeal to the equitable power of the trial court, . . ."[8] there is nothing in the record of

3. Carducci v. Albright Galleries, Inc., 244 Pa. Superior Ct. 48, 366 A. 2d 577 (1976).

4. Schutte v. Valley Bargain Center, Inc., 248 Pa. Superior Ct. 532, 375 A. 2d 368 (1977).

5. Hofer v. Loyal Order of Moose of the World, 243 Pa. Superior Ct. 342, 365 A. 2d 1254 (1976).

6. Smith v. Tonon, 231 Pa. Superior Ct. 539, 331 A. 2d 662 (1974).

7. McCoy v. Public Acceptance Corp., 451 Pa. 495, 305 A. 2d 698 (1973).

8. Hale v. Uhl, 293 Pa. 454, 457, 143 Atl. 115 (1928).

this case to justify the exercise of such discretion in favor of plaintiff herein.

Hence, having found that plaintiff failed to offer a reasonable excuse for his default and his petition to vacate was untimely filed, this court issued the following order on June 20, 1977:

## ORDER

And now, June 20, 1977, it is hereby ordered and decreed that petition to vacate judgment of non pros in the above matter is hereby dismissed.