## Christner v. Christner

*Vincent J. Barbera,* for plaintiff.
*Nathan C. Rascona,* for defendant.

COFFROTH, *P.J.*, February 27, 1985—This case is here on plaintiff's petition for adjudication of contempt for violation of the parties' pre-divorce "Property Settlement Agreement", specifically paragraph 4 thereof requiring defendant father to pay child support of $100 monthly, paragraph 5 thereof providing that each party shall not "harass, annoy, embarrass . . . or interfere with the other . . .", and paragraph 9 thereof that each "shall take all measures deemed advisable to foster a feeling of affection between the children and the other party . . . and to refrain from conduct which may estrange any of the children from the other party or impair any child's high regard for the other party." The petition seeks an order adjudicating defendant in civil contempt, ordering him to pay arrears of child support, attachment of his wages for said purposes, to pay plaintiff's counsel fees and costs, fine and/or imprisonment to insure future compliance with the contract, and for other general relief.

Apart from the merits, we are faced at the threshold with the following juridical

## QUESTION INVOLVED

Is a comprehensive pre-divorce settlement agreement containing provisions for child support, custody and visitation including the personal conduct of the parties toward each other and children, and provisions for entry of a support order for the agreed amount of child support, enforceable in a contempt proceeding where: (i) the agreed amount of child support is described as "commensurate with the children's needs, husband's ability to pay and other

factors prescribed by law"; (ii) the decree provides that the contract "shall not merge with but shall survive this decree"; and (iii) the decree further provides that: "This court retains continuing jurisdiction over this decree and for the purpose of ensuring compliance with and enforcement of the terms of the agreement"? Answer, no.

## DISCUSSION

The difficulty in this case is that petitioner's interpretation of the divorce decree as being enforceable by contempt creates an inconsistency which makes the parties' contract a part of the decree, while at the same time the decree excludes it therefrom. In order for a contract to become part of a judicial decree, it must be merged into the decree so as to become part thereof and thereby extinguish the original cause of action in contract, upon which the decree is based. Fundamentally, petitioner's position seems to be that mere incorporation of the contract into the decree accomplishes such a merger, as the court in Commonwealth ex rel Tokach v. Tokach, 326 Pa. Super. 359, 474 A.2d 41 (1984) holds. But in Tokach, the decree did not expressly negate merger as does this decree. Where merger occurs, the contract cause of action is extinguished and does not survive the decree; where merger does not occur, the contract survives as actionable independent of the decree. See: Eubank v. Piersel, 44 Somerset L.J. 71 (1984), and Appendix (unpublished, see 292 Domestic 1982). These are mutually exclusive alternatives. Thus, as held in Silvestri v. Slatowski, 423 Pa. 498, 224 A.2d 212 (1966), where no merger occurs the parties are relegated to traditional enforcement remedies for breach of contract, that is, in assumpsit for damages

or in equity for specific performance. See: Heiple v. Heiple, 41 Somerset L.J. 233 (1982); Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981).

A charge of contempt based on violation of court order necessarily presupposes the existence of such a court order which terms were breached. To be punished for civil contempt, a party must have violated a court order. Woods v. Pekich, 463 Pa. 274, 344 A.2d 828 (1975).[1] Contempt is not a remedy for breach of contract, absent merger of the contract into the court order which makes it part thereof, and the court is not otherwise authorized to create by ukase such a remedy for breach of contract which independently survives incorporation thereof into a decree. We should not, therefore, construe the language of the decree retaining continuing jurisdiction to ensure "compliance with an enforcement of the terms of the agreement" as effecting the requisite merger in light of the clear negation of merger in the preceding clause.[2]

We note, however, that by the terms of the contract, the parties have agreed to entry of a support order upon the terms set forth in the contract; more-

---

1. This is a charge of indirect civil contempt, that is, it is not punitive but remedial in character to prevent or remedy a party's loss, and was committed outside the court's presence. Zambrzicky v. King Coal Co., 41 Somerset L.J. 23 (1982); Willkow v. Willkow (No. 2), 44 Somerset L.J. 60 (1984).

2. We note that the language concerning settlement contracts typed into our printed forms of divorce decrees, and presented to the motions judge for signature, are drafted by counsel and are routinely approved by the court absent some objection from a party.

Although parties may sometimes by contract validly restrict remedies available for breach thereof, they cannot confer judicial authority or jurisdiction which is not recognized by law. See Junior Form Lingerie v J. D. Operating Inc., 35 Somerset L.J. 336, 342 (1978).

over the reference therein that the agreed amount is commensurate with normal legal standards for such support orders, including need and financial ability, implies assent by the parties to application of all criteria and procedures applicable to such an order in the Domestic Relations Court. Compare Heiple v. Heiple, 41 Somerset L. J. 233 (1982).

## CONCLUSION

From the foregoing principles, we conclude that enforcing this unmerged contract by contempt proceedings is not within the court's power under the circumstances in this case, provided that a support order entered in the support court for child support pursuant to the contractual provision therefor is exclusively enforceable according to the standard provisions of law for such enforcement (including contempt and wage attachment); and that otherwise the parties are relegated to traditional legal and equitable forms of action for enforcement of the instant contract.

## ORDER

Now, February 27, 1985, plaintiff's petition for contempt is dismissed without prejudice to other relief consistent with the foregoing opinion. Costs on defendant.