## Capuzzi's Estate.

72

Argued October 1, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Llewellyn,* with him *C. W. Rush,* for appellant.—To justify adjudging one guilty of contempt for the alleged violation of an order, the order must be so clearly expressed that, when applied to the act complained of, it will appear with reasonable certainty that it has been violated: Bauer v. Byrd, 245 Pa. 441.

Appellant's liability cannot be adjudicated in a proceeding to adjudge him in contempt.

*Linn V. Phillips,* of *Playford & Phillips,* for appellees.

OPINION BY MR. JUSTICE SADLER, November 25, 1929:

Queeny R. Capuzzi was executor of the estate of his brother, Frank, who died on January 22, 1927. Both had been partners in the firm of Capuzzi Brothers, each having an interest of forty per cent, while a third member, Samuel, their cousin, owned the remaining share. At one time the business was limited to a store at Republic, but later, two others, known as Standard Supply Company, Nos. 1 and 2, were purchased, and the business of all three conducted as an entirety. The first of the two bought ceased business prior to the death of Frank. The executor, who was also the liquidating partner, filed an account, in which he charged himself with the value of decedent's share in the firm, as fixed by appraisers. Exceptions thereto resulted in surcharges, including profits earned from the time of his brother's death. These were, in part, sustained, and the orphans' court restated the items of debit and credit, evidently considering the assets of Supply Company No. 2, as certain credits for losses there were allowed, and also the business of the Republic store. To the original account, as amended, there was appended a list of accounts receivable, including a claim against the American Coke Corporation, due to store No. 2, amounting to $10,000, at the time in course of litigation. In the restatement made by the court, there was included a charge of $11,-570.72 for amounts due and uncollected, and a balance determined to be owing by the executor of $12,691.57, including Frank's forty per cent interest in the partnership.

A decree was entered requiring the payment of this amount, and also the conveyance of an individual interest in a certain coal property, found to be held as tenants in common by the three partners in equal shares. By the fifth paragraph, Queeny was removed as executor, and letters directed to be issued to others, and it was ordered "that, within fifteen days from the date of this decree, Queeny Capuzzi make delivery of the prop-

erty, books, accounts, papers and moneys belonging or relating to the trust to an administrator to be appointed. Within the time fixed the deed was delivered as ordered, and the balance, found owing by the decree of April 20, 1928, the exceptions thereto having been overruled on May 31, 1928, was fully satisfied by payment to the new executors appointed to succeed the one discharged.

On November 22, 1928, the surviving partner, Queeny, collected from the receivers of the American Coke Corporation the sum of $9,653.81, awarded by the federal court in payment of the $10,000 claim set forth as an account receivable in the amended original account, but refused to turn over forty per cent thereof, the measure of Frank's interest in the partnership, though demand was made that he do so, claiming that this item had entered into the partnership settlement made by the orphans' court, and the share then determined to be due had been liquidated. A petition was presented praying that Queeny be attached for contempt in refusing to pay the additional sum alleged now to be owing the estate, as well as certain other small partnership accounts collected after his discharge and settlement as executor. All questions as to defaults, other than the one first mentioned, have been eliminated by consent in this proceeding. An answer filed admitted the collection of the amount involved, averring it was received as surviving and liquidating partner, and that the entire interest of Frank in the firm had been satisfied.

The court determined, without reopening the former adjudication, that the estate was entitled to a share in the sum received by the liquidating partner, after his discharge as executor, and that the item in question had not been considered when the balance due was fixed on April 20, 1928. No petition to review the earlier proceeding was presented, nor was any effort made to have the surviving partner state an account as liquidator of the firm's affairs. Ordinarily, the latter course is the

proper way in which to determine the amount owing to a deceased member. In the instant case, the executor, who was also the survivor, brought the interest in the partnership into his account in the orphans' court, thus giving it power to examine, and, if necessary, restate, as it did: Brown's App., 89 Pa. 139; Maloney's Est., 233 Pa. 614. Apparently accounts receivable were then considered by the court in fixing Queeny's liability, and he was surcharged with a definite sum, and dismissed as the representative of the estate. He was directed to discharge the balance within fifteen days of the final order, and did so. In November, when the Coke Company paid, he was no longer executor, and any funds then received were in the capacity of liquidating partner. There was no command that he pay any additional share of amounts which might be received for the firm subsequent to the adjudication.

Without review of the final decree, the court held the Coke Company item had not been previously considered, and the estate was therefore entitled to forty per cent of the amount collected, and directed that Queeny be attached for failure, upon demand, to make payment. With this position we cannot agree. The direction of the court to turn over a fixed sum within a specified time was complied with. It would have been impossible to pay, within fifteen days, a share of the Coke Company's claim, not then collected. The decree fixed a definite amount of cash as due, and it was given to the new executors. The general order that all "moneys belonging to the estate" be delivered with the books and papers could only refer to the $12,691.57, the balance found to be owing. If a mistake has been made, and items omitted with which the executor should have been specifically charged, this cannot be remedied in the manner here attempted, against one who is no longer executor, and who is not in default in performance of the order made.

Though courts may, in certain cases, hold for contempt in failing to obey lawful decrees, a party is not to

be so punished where the order is contradictory, or its specific terms have not been violated: 13 C. J. 15. "In contempt proceedings for enforcement, a decree will not be expanded by implication or intendment beyond the meaning of its terms when read in light of the issues and the purpose for which the suit was brought; and the facts found must constitute a plain violation of the decree so read": Terminal R. R. Assn. v. U. S., 266 U. S. 17, 29. "One who is ordered by a court to pay money to another, on pain of imprisonment if he fails, is entitled to a formal expression by the court of such order, stated clearly enough to enable a person of ordinary intelligence to know what he is to do. He should not be obliged to resort to inferences or implication to ascertain a duty or obligation of that character": McCaleb v. McCaleb, 177 Cal. 147, 169 Pac. 1023, 1025. Tome's Appeal, 50 Pa. 285, relied on by the court below, does not control the present case. There, the decree directed a dismissed executor to turn over all the assets of the estate, which he failed to do. The uncertainty of the order, in failing to designate the items, arose from the fact that the respondent had filed no account and made no settlement. In the present case, the contrary is true, for the court undertook to find the cash value of the firm assets belonging to the decedent after examination of partnership affairs, and determine the balance at a definite sum, which was paid as directed.

The claim of the Coke Company was not liquidated until months after the entry of the decree, the terms of which required compliance within fifteen days. Whether this debt was considered in fixing the balance due decedent from the partnership estate, or omitted by error, cannot be determined in the present attempt to attach for contempt. If the account can be lawfully reopened, and a decree then made including the item in question, or if the liquidating partner, who received the amount after ceasing to be executor, is compelled to file a new account as representative of the firm, and a balance be

then found due, the right of Frank's estate to any part thereof may be properly passed upon. This question cannot be decided in a proceeding to punish for disobedience in failing to comply with a decree which, as far as its express directions are concerned, was obeyed.

The decree of the court below awarding an attachment, and that Queeny Capuzzi be taken into custody, is reversed. Costs to be paid by the appellees.