Opinion by
 

 Baldrige, J.,
 

 In this workmen’s compensation case, the claimant’s husband, while in the course of his employment as a working farm manager, was accidentally shot and killed by another employee. The widow filed a claim petition against the defendant in behalf of herself and minor children. The Pennsylvania Threshermen & Farmers’ Mutual Casualty Insurance Company, insurance carrier, was later made a party to the proceedings. See
 
 Levan v. Pottstown, Phoenixville Ry. Co. et al.,
 
 279 Pa. 381, 124 A. 89. The petition was referred to a referee, who, after hearing, held that the claim was not compensable under the Act approved June 3, 1915, P. L. 777 (77 PS §24), which provides that the Workmen’s Compensation Act of June 2, 1915, P. L. 736 (77 PS §1 et seq.), shall not apply to those engaged in agriculture. The board reversed the referee and awarded compensation to be paid by the insurance carrier. Upon appeal to the court of common pleas, the award was reversed and the claim petition dismissed. The present appeal followed.
 

 Under the first paragraph of the insurance policy, the company assumed “whole liability of the insured employer under the Workmen’s Compensation Act of Pennsylvania” and any amendments thereto effective
 
 *83
 
 while the policy was in force. That provision has no application to this case, as the deceased was engaged in agricultural employment, and, therefore, plaintiff’s claim does not come under the general provisions of the Workmen’s Compensation Act as amended.
 

 The seventh clause, upon which claimant mainly relies, provided for “Special Coverage,” and reads as follows:
 

 “The Insuring Company may endorse this Policy to cover the liability of voluntary Workmen’s Compensation protection to farmers and their employees, provided in each instance a signed acceptance has been filed by the employees and employers engaged in ‘Farm Labor.’ ” Such acceptance was apparently signed, and there was added to the policy the following:
 

 “ENDORSEMENT WITH VOLUNTARY COMPENSATION COVERAGE”
 

 “In consideration of the payment of the premium based on rates as approved by the Insurance Department of Pennsylvania, it is hereby agreed and understood that the Pennsylvania Threshermen and Farmers’ Mutual Casualty Insurance Company will insure the farm labor employed by
 
 SAMUEL H. PARKE
 
 against personal injury sustained in the course of employment, including death at any time resulting therefrom in accordance with the liability for compensation benefits under the Workmen’s Compensation Act of Pennsylvania.
 

 “This endorsement is issued subject to all the terms and conditions of the policy to which it is attached and nothing herein contained shall alter, waive, vary or extend any provisions or conditions of said policy other than as above stated.”
 

 The endorsement did not and could not confer jurisdiction on the compensation board. The legislature unequivocally said that the board is not authorized to hear and determine claims arising from employment in agri
 
 *84
 
 culture. That is decisive; its jurisdiction cannot be changed or enlarged by contract or consent. “It is a well settled principle of law that parties to a suit cannot by consent confer jurisdiction with respect to the subject-matter of litigation, either by stipulation or agreement; as jurisdiction is fixed by law, it is beyond the control of the parties:”
 
 Wolfe et al. v. Lewisburg Trust & Safe Deposit Co.,
 
 305 Pa. 583, 588, 158 A. 567. See, also,
 
 Blumenthal's Est.,
 
 227 Pa. 268, 75 A. 1075,
 
 Rosenberry v. Gillan Bros, et al.,
 
 130 Pa. Superior Ct. 469, 197 A. 523.
 

 The appellant in her paper book concedes that it is “the general rule under the decisions where the question has arisen, that jurisdiction cannot be conferred on such board by agreement, consent or estoppel.” Assuming there may be an exception to this general rule (see
 
 Capuzzi’s Est.,
 
 298 Pa. 71, 75, 148 A. 48), the board nevertheless had no jurisdiction, as the policy, with the endorsement, does not, in our opinion, cover this claim. There is no provision therein that a claim arising from an injury to a farm employee shall follow the practice and procedure of a workmen’s compensation case or that the board shall have jurisdiction. Nothing of this character appears. It does say that the insurance company will insure farm labor against injury “in accordance with the liability for compensation benefits under the Workmen’s Compensation Act of Pennsylvania.” In other words, the insurance company’s liability for injuries suffered by farm employees shall be measured by the same standard as in cases where the compensation board has jurisdiction and grants an award. In an action of law, the measure of damages could be readily determined. It is very evident that it was not the intent of the parties that the Workmen’s Compensation Board should have jurisdiction. The primary purpose of the policy was to afford certain protection to the insured, and, at the same time, by the endorsement the employee
 
 *85
 
 was given certain benefits. As tbe learned court below, in its well considered opinion, points out, tbe employer may not resist liability to an injured employee on the ground that tbe injury was caused by tbe negligence of a fellow-employee, assumption of risk, or contributory negligence — defenses available in an action at law; thus affording an injured employee tbe identical protection given industrial employees generally, under Section 201 of tbe Workmen’s Compensation Act (77 PS §41).
 

 Tbe appellant contends that, while she recognizes that jurisdiction cannot ordinarily be conferred by consent or estoppel, this rule is not applicable here. She claims that the insurance carrier, under tbe facts presented in this case, may not challenge tbe authority of tbe compensation board to pass upon this claim, as it “intentionally and knowingly induced and procured tbe
 
 employer
 
 and bis
 
 employees to
 
 enter into a contract
 
 with it purporting
 
 to bring themselves within tbe operation of the Workmen’s Compensation Act for purpose of having tbe Workmen’s Compensation Board apply tbe liabilities and benefits therein created.”
 

 We find nothing in this record that warrants tbe invoking of tbe equitable doctrine of estoppel. Tbe insurance company’s conduct in no way misled tbe claimant to her prejudice.
 

 Williams v. Baptist Church et
 
 al., 123 Pa. Superior Ct. 136, 186 A. 168, relied upon by tbe appellant and tbe board in its opinion, does not control this case. There, a compensation agreement was entered into providing for tbe payment of total disability, thus recognizing that tbe claimant was engaged in tbe course of bis employment at tbe time of bis injury and that bis claim was compensable. In tbe course of tbe opinion, Judge James, speaking for this court, stated that a compensation agreement is prima facie evidence of a compensable accident, and that tbe insurance carrier "Was estopped from denying facts which bad been set
 
 *86
 
 forth in the compensation agreement, establishing the board’s jurisdiction over the case, and that it cannot be later set aside 'by denying those facts. In the instant case, the insurance company had the power to agree to facts, and, if it had done so, it would be bound thereby; but, as already shown, it does not have the power to confer, by consent, jurisdiction on the board, which was withheld by the legislature.
 

 “The general principle is, that where the conduct of the party has been such as to induce action, by another, he shall be precluded from afterwards asserting to the prejudice of that other, the contrary fact of that of which his conduct has induced the belief:”
 
 Tonge v. Item Publishing Co.,
 
 244 Pa. 417, 424, 91 A. 229. In the ease at bar, there has never been any inconsistent or conflicting position taken by the appellee. In the Williams Case, supra, the jurisdiction of the Workmen’s Compensation Board was not questioned until the claimant had lost his right to sue for damages at law. Here, the insurance company did not lead the claimant to believe that the board had jurisdiction, but quite the contrary, as the answer to the original petition denied the jurisdiction of the compensation authorities. Their right to pass upon the claim was attacked long before the expiration of the period for which an action at law could have been instituted.
 

 A careful consideration of this case convinces us that the action of the lower court, in holding that the board did not have jurisdiction, was correct.
 

 Judgment is affirmed.