396 A.2d 1346

**The CARBORUNDUM COMPANY, Appellant,**

**v.**

**COMBUSTION ENGINEERING, INC. and George J. Monaghan, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1978.

Decided Jan. 19, 1979.

Bernard Chanin, Philadelphia, for appellant.

James C. McConnon, Philadelphia, for appellees.

Before PRICE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

The Carborundum Company (appellant) appeals from an order of the Montgomery County Court of Common Pleas adjudicating it to be in contempt of court.

Some of the facts surrounding this appeal are disputed, however, for our disposition of the issues before us, they need not be resolved.

The appellant initiated an action in equity on April 6, 1977 against George J. Monaghan (Monaghan) and Combustion Engineering, Inc., (C. E.). Monaghan had been employed by the appellant from November, 1969 to March 21, 1977, at which time he accepted a position with C. E. The complaint alleged that C. E., in furtherance of its desire to enter the field of ceramic fiber products, had hired Monaghan from appellant for the express purpose of using Monaghan's knowledge of the trade secrets and technical information of the appellant, a long-time leader in the manufacture of ceramic fiber products. The complaint further alleged that Monaghan, shortly before he terminated his employment with the appellant, had photocopied certain documents relating to the above related manufacture. The complaint asserted that all these actions were in direct violation of Monaghan's employment contract with appellant which forbade him from accepting employment or engaging in business with any company in the field of ceramic fibers. The prayer for relief requested the court to enforce the provisions of Monaghan's employment contract via an injunction and to require both Monaghan and C. E. to account for all damages resulting from the acts complained of.

Hearings on this matter were held on April 14 and 15, 1977. Appellant had some trouble in serving Monaghan and although it did get service on April 15, 1977, apparently was concerned about possible jurisdictional problems and thus initiated another suit (alleging the same cause of action) in Niagara County, New York against Monaghan, on April 19, 1977.[1]

On April 22, 1977, counsel for C. E. entered an appearance for Monaghan in the Montgomery County proceedings and

1. Appellee asserts that appellant filed the action in New York, not because it was concerned about service or jurisdictional problems, but rather to avail itself of a more favorable forum in its home office city. This dispute, however, need not be resolved for our disposition.

sought permanent injunctive relief against the New York action. A temporary restraining order was issued against the appellant and after a hearing on April 25, 1977, the Montgomery County court entered the following order:

> It is hereby ordered this 27th day of April, 1977, that Plaintiff and those acting on its behalf shall forthwith discontinue and terminate the action filed against George J. Monaghan in the Supreme Court of New York, County of Niagara captioned *Carborundum Corporation v. George J. Monaghan,* index number 32943, shall take no other further action in connection with said litigation and shall not file any further suit on the same cause of action in any court until proceedings in this action are completed in this court.

Following that order, the New York action was discontinued. Three more hearings were held on appellant's original action for injunctive relief, after which the court adjourned proceedings while Monaghan and C. E. pursued discovery.

On November 23, 1977, C. E. filed an action against appellant and seven of its employees in Unicoi County, Tennessee, asserting claims of industrial espionage and defamation and seeking injunctive and monetary relief. Appellant answered and asserted counterclaims.

On April 11, 1978, C. E. filed in Montgomery County, an application for a contempt citation against appellant, contending that the counterclaims filed by appellant in the Tennessee action violated the Montgomery County court order of April 27, 1977. After a hearing on April 21, 1978, the court issued an order on June 15, 1978 adjudging appellant in contempt of court.[2] From that order does this appeal arise.

2. AND NOW, this 15th day of June, 1978, upon consideration of the defendants' Petition to Cite Plaintiff in Contempt, and after hearings held in this matter on April 17 and 21, 1978, the court, having previously determined that the plaintiff's conduct in filing and pursuing a counterclaim in a certain action pending between the defendant, Combustion Engineering, Inc., as plaintiff, and the plaintiff, the Carborundum Company, and others as defendants, in Unicoi County, Tennessee is in violation of the Court's Order of

Our review here is limited to a determination as to whether the order of court of April 27, 1977 was violated by appellant's subsequent action of filing a counterclaim against C. E., thus justifying the contempt citation issued against the appellant. The validity of the order underlying the contempt citation is not before us.

We note initially that the contempt process in civil proceedings is used to coerce a party into compliance with a court order, *Commonwealth Dept. of Environmental Resources v. Pa. Power Co.,* 12 Pa.Cmwlth. 212, 316 A.2d 96 (1974) and therefore, the order that forms the basis for the contempt must be definitely and strictly construed.

> "The entry of an injunction is, in some respects, analogous to the publication of a penal statute. It is a notice that certain things must be done or not done, under a penalty to be fixed by the court. * * * Such a decree should be as definite, clear, and precise in its terms as possible, so that there may be no reason or excuse for misunderstanding or disobeying it; and, when practicable, it should plainly indicate to the defendant all of the acts which he is restrained from doing, without calling upon him for inferences or conclusions about which persons may well differ." *Collins v. Wayne Iron Works,* 227 Pa. 326, 330, 76 A. 24, 25 (1910). See also *Commonwealth v. Boley,* 441 Pa. 495, 272 A.2d 905 (1971) and *Apple Storage v. Consumers Education and Protective Association,* 441 Pa. 309, 272 A.2d 496 (1971).

April 27, 1977, finds that the plaintiff, the Carborundum Company, intentionally and willfully violated the Court's Order of April 27,, 1977 and adjudges the plaintiff, the Carborundum Company, in contempt of Court.

The Carborundum Company is hereby fined the sum of $1,000 per day for each and every day subsequent to the date of this Order for so long as it continues to maintain the aforementioned counterclaim.

Should the Carborundum Company not have withdrawn the said counterclaim prior to the expiration of fifteen days from the date of this Order, the fine shall be increased to the sum of $2,000 for each day thereafter that the Carborundum Company continues to maintain said counterclaim.

Thus, any ambiguities or omissions must be construed in favor of the person charged with contempt. *Janet D. v. Carros,* 240 Pa.Super. 291, 362 A.2d 1060 (1976).

Appellant initially asserts that Order did not forbid his action against C. E., since on its face and in its clear meaning, it referred any to Monaghan.

Indisputably, most of the order did refer only to Monaghan. However, the last few lines of the order, read in the context of the circumstances, clearly refer to C. E. The relevant portion of the April 27, 1977 order reads:

> ". . . (Appellant) shall not file any further suit on the same cause of action in any court until proceedings in this action are completed in this court."

Appellant admits that the New York action was essentially the same as the action in Pennsylvania and was initiated only to assure it of a forum to prosecute Monaghan. When Monaghan was under Pennsylvania jurisdiction, the New York action was no longer necessary. The court by its order was attempting to limit the parties to one forum so as to aid speedy determination of the dispute.

The court was clearly saying to appellant that it should not bring any action, against the parties in the Pennsylvania action, until the lawsuit in Pennsylvania was finished. Even though C. E. is not mentioned by name in the court order, the language of the order intrinsically included them.

Appellant argues that such a reading is improper because an injunctive order of this type must be construed strictly. We agree that a strict construction must be placed on this order, however we must not ignore the "plain meaning" of the order. Thus we conclude that the order did refer to C. E.

Appellant's second contention is that, even assuming the order refers to C. E., it could not reasonably be understood to include a prohibition against a counterclaim in an action filed by C. E. We agree and therefore reverse.

As we have heretofore noted, strict construction must be given to these types of orders, since they must inform those

to whom they are directed, exactly what conduct or action is prohibited. The order *clearly* prohibits appellant from affirmatively pursuing suit against either C. E. or Monaghan, so long as appellant is pursuing this action in Pennsylvania.

Appellee argues that this counterclaim in the Tennessee action was not in the nature of a defense, but in fact, so labeled a "counter suit" with appellant in the capacity of a counterplaintiff and thus appellant clearly violated the court's order. The lower court agreed.

While that analysis has a certain degree of logic, we believe it to be in error.

The clear reading of the order in the context of the circumstances it was issued, leads us to the conclusion that the order could not fairly be interpreted to include a counterclaim against C. E.

The order provides that appellant should discontinue the New York suit and "not *file* any further suit. . . ."

In this context, we believe the reasonable interpretation of "file any further suit" means that appellant should not *initiate any action.* This, appellant did not do. He merely asserted the claims in response to a suit filed by C. E. in Tennessee.

We think that the lower court's finding of contempt was improperly harsh on appellant. The order did not *clearly* and *precisely* forbid filing a counterclaim to an action *initiated* by C. E. We recognize that a plausible interpretation of that order could achieve the result reached below. However, equitably, in order to punish one for contempt, a plausible reading is not enough. As we stated above, all inferences or ambiguities must be construed in favor of the alleged contemptor. The inequity of the situation is realized when we examine the predicament appellant was in below. C. E. sued them in Tennessee for industrial espionage. They replied by saying in essence, "assuming we are guilty of what is alleged, C. E. precipitated this by hiring away some of our employees who were intricately involved in the manufacture of ceramic fibers." This, we believe was a necessary

element in appellant's defense asserted in the Tennessee action. Couple this with the fact that the order did not specifically preclude them from counterclaiming in suits instituted against them, one is forced to conclude that appellant was not in contempt.

Thus we believe that it was error for the lower court to grant appellees' application for a contempt citation.

We note that our decision today is limited to the determination that the citation of contempt was improper based on the order of April 27, 1977. That is all we decide. We do not pass judgment on the variety of matters remaining unresolved in the case.

Order of the lower court reversed.