463 A.2d 16

**Janet BEM**

v.

**August BEM, Appellant.**

**August BEM**

v.

**Janet BEM, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1983.

Filed July 15, 1983.

Petition for Allowance of Appeal Granted Nov. 14, 1983.

---

Thomas R. Wilson, West Chester, for appellant (Nos. 936 and 1185) and for appellee (No. 1768).

Myron H. Deutsch, Philadelphia, for appellant (No. 1768) and for appellee (Nos. 936 and 1185).

Before CERCONE, President Judge, and ROWLEY and CIRILLO, JJ.

CIRILLO, Judge:

In this appeal we are asked to determine the appropriate court in which matters of custody and visitation should be resolved.

The parties were married in Cambria County on February 23, 1974. The only child born of this marriage was a son, James Christian, on June 15, 1975 in Chester County. The parties lived in Chester County but maintained close ties and often visited their families who lived in Cambria County.

On June 9, 1981, Mrs. Bem and her son went to Cambria County to visit her family. Subsequently, an altercation between the parties took place at the home of Mrs. Bem's parents. On June 22, 1981, Mrs. Bem filed a Complaint in Divorce in Cambria County seeking support, custody, alimony pendente lite, counsel fees and expenses, alimony and equitable distribution of property. The father filed an Answer and New Matter on August 18, 1981. Then, on September 1, 1981, he filed a Complaint to confirm custody in Chester County. The Court of Common Pleas of Chester County issued a Rule on September 15, 1981, directing a conciliation conference and awarding temporary custody to the father. Thereafter, on September 29, 1981, Mrs. Bem filed a petition for custody in Cambria County and was awarded temporary custody. Both parties filed preliminary objections to the adverse custody awards and raised questions of jurisdiction.

The Cambria County Court ordered a conference to be scheduled in Cambria County for October 23, 1981. The father and his counsel appeared and objected to the jurisdiction of the Cambria County Court. The Custody and Visitation Officer recommended a hearing because of the jurisdictional dispute.

On November 5, 1981, the father initiated an action for divorce, support, custody, attorney's fees and expenses and equitable distribution of property in Chester County. Mrs. Bem filed preliminary objections, raising the issue of jurisdiction.

On March 17, 1982, a hearing was held in Cambria County before a Hearing Officer to determine child support. The father objected to jurisdiction, did not appear, and the Officer awarded Mrs. Bem support for her son. Objections

and exceptions were filed by the father, raising the issue of jurisdiction. After argument, an Order was issued on July 6, 1982 by the Honorable Eugene A. Creany of the Court of Common Pleas of Cambria County, dismissing the father's objections to venue and ordering him to abide by the determination of the Hearing Officer. Judge Creany further ordered that a hearing be held as soon as possible to determine whether Cambria County or Chester County has jurisdiction over the custody action.

Meanwhile, in the interim, the Honorable Lawrence F. Wood, of the Court of Common Pleas of Chester County issued an Order on May 14, 1982, dismissing Mrs. Bem's preliminary objections concerning jurisdiction and affirming its Order of September 15, 1981 which awarded temporary custody to the father.

On August 5, 1982, a conference, attended by counsel, was held in Judge Creany's chambers wherein a temporary visitation agreement was formulated. An evidentiary hearing was held on August 20, 1982 in Cambria County concerning proper jurisdiction to determine custody. The hearing was attended by attorneys for both parties and resulted in the Order of September 14, 1982 which found that Cambria County had proper jurisdiction and awarded temporary custody to Mrs. Bem by affirming the September 29, 1981 Order. All matters were consolidated by an Order dated December 6, 1982.

In resolving the dispute in the case at bar, we look to the Uniform Child Custody Jurisdiction Act [1] which has been applied to intercounty disputes within Pennsylvania by the Commonwealth Child Custody Jurisdiction Act.[2] The jurisdictional provisions of this Act were recently summarized by this Court in the case of *Hattoum v. Hattoum*, 295 Pa.Super. 169, 174–175, 441 A.2d 403, 405 (1982):

[1] The Act of October 5, 1980, P.L. 693, No. 142, § 201(a), 42 Pa.C.S.A. § 5341 *et seq.*

[2] The Act of October 5, 1980, P.L. 693, No. 142, § 208(a), 42 Pa.C.S.A. § 5364.

The Act has three major bases for jurisdiction: § 5344(a)(1) provides for "home" jurisdiction; § 5344(a)(2) provides for jurisdiction based on "significant contacts" among the various parties to the custody action and the locale in which the action has been brought; § 5344(a)(3) provides for "parens patriae" jurisdiction for emergency situations in which a child is abandoned, abused or dependent.

The Act treats as preferable the "home" jurisdiction under § 5344(a)(1).[3] *Id.* In this instance, it is generally acknowledged that the "home" jurisdiction of the child is Chester County, where the father continues to reside. However, there are circumstances in which a court may determine that "home" jurisdiction does not prevail. *Id.* An alternative to "home" jurisdiction is provided for in section 5344(a)(2) of the Act as follows:

(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child;

■ Under the facts of this case, both Chester and Cambria Counties have colorable reasons to exercise jurisdiction. Nevertheless, we find that Mrs. Bem and her son, James, have a significant connection with Cambria County so as to

3.  (a) **General rule.**—A Court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) this Commonwealth:
(i) is the home state of the child at the time of commencement of the proceeding; or
(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this Commonwealth. . . .

allow that county to exercise jurisdiction in the custody matter. The parties were born, raised and married in Cambria County and frequently visited there during their marriage. Presently, James is living with his mother and maternal grandparents in Cambria County, receives care from a pediatrician located in that county, and is enrolled in an elementary school in that locale. Mrs. Bem and her son are also receiving financial support from the maternal grandparents.

As a result of the strong ties between the Bems and Cambria County, there is available in that county substantial evidence concerning the present and future care, protection, training and personal relationships of James. The showing of significant contacts by the parents and child make Cambria County a more appropriate forum to protect the best interests of the child.

■ When Mrs. Bem decided to file for divorce, she did so in the county in which she felt most at home. There was no longer a place for her in Chester County. Her residence, strongest ties, and emotional and financial support were and presently are in Cambria County. The facts of this case do not represent a unilateral removal or forum shopping situation that would require the Cambria County Court to decline to exercise jurisdiction as in *Warman v. Warman*, 294 Pa.Super. 285, 439 A.2d 1203 (1982). We also note that following Mrs. Bem's Complaint in Divorce seeking custody, which was filed in Cambria County, the father filed an Answer and New Matter. He did not file preliminary objections and only afterward did he file a Complaint for custody in Chester County. By filing an Answer and New Matter in Cambria County, the father submitted to the jurisdiction of that court; and, thus, it can be argued that if anyone was forum shopping, it was he.

■ We also find that the Court of Common Pleas of Cambria County properly exercised venue in the support matter subject to the Order of July 6, 1982. Mrs. Bem filed for divorce in Cambria County pursuant to the New Divorce

Code.[4] Under section 301(a)(3) of the Code, Cambria County has jurisdiction with reference to any support or assistance which shall be paid for the benefit of any children of the marriage. So, too, Pa.R.C.P. 1910.2, which concerns venue in actions for support states:

An action may be brought in any county in which

(1) the defendant resides, or

(2) the defendant is regularly employed, or

(3) the plaintiff resides.

Mrs. Bem's residence is in Cambria County and, therefore, under Rule 1910.2 an action for support may be brought in that county. Cambria County properly assumed jurisdiction of Mrs. Bem's Complaint in Divorce and of the custody of the parties' child and hence also had jurisdiction with regard to the support of the child. Proceeding in this fashion will avoid a duplication of efforts and promote judicial economy.

Accordingly, we affirm the Orders of Judge Creany of Cambria County, dated July 6, 1982 and September 14, 1982. We reverse the Order of Judge Wood of Chester County, dated May 14, 1982. We remand this case to Cambria County for a full hearing concerning the custody of the parties' minor child, James Christian. Jurisdiction is relinquished.

**4.** The Act of April 2, 1980, P.L. 63, No. 26, § 101, 23 P.S. § 101 *et seq.*