**Adams v. Adams**

*Daryl J. Gerber*, for petitioner.
*Mark S. Fenice*, for respondent.

WALTER, *J.*, January 2, 1985 — Respondent has objected to our jurisdiction to hear petitioner's action for modification of our custody order entered July 21, 1978. We will sustain the objection.

The factual background and procedural history of this action are necessary to understand the objection raised. The parties agreed in a stipulated order by this court to grant respondent legal custody of their child, Nicole Lynn Adams (born December 29, 1974). On December 5, 1980, prompted by petitioner's filing of a contempt action, we entered an additional order regarding visitation and temporary custody. On July 5, 1984, petitioner filed this action seeking legal custody. A custody conference was held July 25, 1984, but the parties were unable to reach an agreement. Subsequent home studies were conducted and completed at a cost to petitioner of $150.

On November 15, 1984, a hearing was held on petitioner's request for psychological evaluation. At the hearing, respondent questioned this court's jurisdiction for the first time. We took her objection under advisement and requested memoranda of law from counsel for both parties. After careful deliberation we determine that Lebanon County does not

have jurisdiction under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), 42 Pa.C.S. §§5341 et seq., and the proper forum for this custody dispute is Dauphin County.

Petitioner contends respondent is precluded from questioning jursidiction because she failed to raise the issue by preliminary objection within 20 days after service of the custody complaint as required by Pa.R.C.P. 1915.5(a). However, that rule refers to raising questions of personal jurisdiction by preliminary objection. As the note to Rule 1915.5 explains:

"The court may raise at any time a question of (1) jurisdiction over the *subject matter* of the action or (2) the exercise of its jurisdiction pursuant to Section 5347 of the Judicial Code, relating to simultaneous proceedings in other courts, Section 5348, relating to inconvenient forum and Sections 5349 and 5364(f), relating to jurisdiction declined by reason of conduct." (Emphasis ours.)

Therefore, we believe the question of subject matter jurisdiction is not waived and is properly before us for review.

The UCCJA, 42 Pa.C.S. §§5541 et seq., applies to intrastate jurisdiction questions as well as interstate conflicts. See 42 Pa.C.S. §5364. The act clearly sets forth the bases for jurisdiction in Section 5344, which was neatly summarized in Tettis v. Boyum, 317 Pa.Super. 8, 14, 463 A.2d 1056, 1059 (1983):

". . . These bases for jurisdiction can be roughly characterized as (1) "home state" jurisdiction, (2) jurisdiction founded upon "significant contacts" among the parties to the custody action and the locale in which the action has been brought, and (3) "parens patriae" jurisdiction for those situations where a child is abandoned, abused, or dependent." Warman v. Warman, 294 Pa.Super. 285, 293, 439 A.2d 1203, 1207 (1982).

It is clear that Lebanon County is not the "home state" of the child. Respondent and Nicole have resided in Dauphin County since 1978. It is equally apparant that this is not a situation involving abandonment or dependency. Therefore, we must determine whether there are "significant contacts" between the child and at least one parent with Lebanon County which would confer jurisdiction on this court.*

We find that Dauphin County is the appropriate forum for this modification hearing. First, it is the child's home county, which is the preferred jurisdiction under UCCJA. Bem v. Bem, 316 Pa.Super. 390, 394, 463 A.2d 16, 18 (1983). Second, the child has lived there for over six years; it would appear obvious that "significant contacts" must have been forged with Dauphin, not Lebanon County. Third, we believe "substantial evidence concerning the present and future care, protection, training and personal relationships of the child", required by section 5344(a)(2)(ii), will be found in Dauphin County. One of the purposes of the act is described in section 5342(3):

"Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and *that courts of this Commonwealth decline the exercise of jurisdiction when the child and his family have a closer connection with another state.* (Emphasis added.)

---

\* A fourth criterion for jurisdiction, that has no bearing on this case but we mention in passing, is where no other forum is appropriate — in essence, jurisdiction by default. 42 Pa.C.S. §5344(a)(4).

Respondent's acquiescence to this court's exercise of jurisdiction in 1978, when we had the power and authority to act, is not dispositive of the issue today, contrary to petitioner's argument. The act contemplates changes in jurisdiction over the years as the child and her family shift residence from county to county or state to state.

In Brady v. Brady, 25 D.&C.3d 196, 201 (1982), a petitioner sought to establish jurisdiction in a non-home county where he previously resided, but the court found no significant connections between the county and the children who lived in another county during the proceeding eighteen months. Petitioner attempted to create contacts from the facts that Clearfield County was the site of the last marital home and its courts had granted the parents' divorce and awarded support and visitation. Therein, the learned President Judge, John K. Reilly, Jr. expostulated: "This argument must fail, however, since connections of that type do not necessarily confer jurisdiction on the forum in question when stronger connections with another forum exists." We see the instant case in similar terms and agree with the Clearfield court's analysis.

In Diffenbach v. Diffenbach, 14 D.&C.3d 254, 258-59 (1980), the court held that where Pennsylvania was no longer the home state of the children and only one parent had a significant connection with this state, it was not in the best interests of the children for Pennsylvania to assert jurisdiction under section 5344(a)(2). The case at bar is analogous since petitioner alone has connections with Lebanon County which has not been Nicole's home county for six years.

Petitioner denies that Lebanon County is an "inconvenient forum" since he estimates respondent's travel time from her home to the courthouse is a

half hour trip. This misconstrues the meaning of "inconvenient" under 42 Pa.C.S. §5348(c), which presents several factors to consider in determining whether a county is an inconvenient forum. Some factors are: is another county the home county; does another county have a closer connection with the child and one parent; and will substantial evidence concerning present or future care, protection, training and personal relationships of the child be more readily available in another county?

Applying these factors, we conclude that even if we found jurisdiction in the Lebanon County courts (which we do not), we would feel compelled to decline our exercise thereof since the above factors point to Dauphin County as the appropriate forum and cast Lebanon as an inconvenient forum.

Finding that we lack subject matter jurisdiction under 42 Pa.C.S. §§5341 et seq., we decline to entertain petitioner's custody action and recommend he proceed in Dauphin County.

## ORDER OF COURT

And now, this January 2, 1985, respondent's objection to the jurisdiction of the Lebanon County courts over this modification of custody action is sustained pursuant to 42 Pa.C.S. §5344, and for reasons set forth in the accompanying opinion.

We respectfully decline to hear further proceedings in this matter and order the action dismissed. We recommend petitioner act on our finding that Dauphin County is the proper forum for his petition by instituting his modification action there.