## Brinker v. Brinker

*Saul Davis,* for plaintiff.
*Thomas T. Frampton,* for defendant.

ACKER, *J.,* January 4, 1985—We have for determination a preliminary objection challenging venue to defendant's petition for contempt and to establish partial custody. Testimony was not taken, but argument held. We sustain the preliminary objection to

that portion of plaintiff's petition for contempt, but not as to establishing a schedule for partial custody.

On January 23, 1984, a divorce was granted between the parties at the above caption and term. As a part of the divorce decree the court entered the following: "The Agreement attached hereto and made a part hereof shall be a part of this Order in full force and effect as if the same were in fact set forth at length." Plaintiff by her preliminary objection concludes that ". . . no prior Order of Court exists establishing a precise schedule of visitation between the defendant father and his son." We do not dismiss the petition for contempt on the basis of lack of venue for the grounds for contempt arise from an agreement incorporated into the divorce decree as if it were a court order. We take this as being analogous to an agreement to modify a custody order as in Hattoum v. Hattoum, 295 Pa. Super. 169, 441 A.2d 403 (1982) and as found in Melzer v. Witsberger, 299 Pa. Super. 153, 445 A.2d 499 (1982). In Melzer, the Superior Court questioned why the parties did not stress the import of an agreement between them as to jurisdiction. A consent decree, although negotiated by the parties, is a judicial act and enforceable by use of contempt powers. Hopkinson v. Hopkinson, 323 Pa. Super. 404, 470 A.2d 981 (1984). Assuming, arguendo, that the agreement as made into a court order by reference was sufficiently specific upon which to find contempt, jurisdiction and venue can be based on that order. Brocker v. Brocker, 429 Pa. 513, 241 A.2d 336 (1968); Hattoum v. Hattoum, supra; Pederson v. Pederson, 40 Bucks County Law Rep. 347 (1983). Although a custody order is always subject to modification or complete change by a proper court acting in the best interests and welfare of the child, it cannot be ignored or violated by one of the

parties at his or her own whim by merely moving out of the jurisdiction. Brocker v. Brocker, supra.

Jurisdiction, therefore, as to contempt of court is entirely separate from jurisdiction established through the Uniform Child Custody Act of 1980, 42 Pa. C.S. §5344 as applied to the counties of our state in 42 Pa. C.S. §5364. Similarly, venue as provided in the Pennsylvania Procedural Rules 1915.2 does not apply to the right of a court to enforce a lawfully entered order by contempt.

Defendant, however, is confronted with the indefinite and loose language of the agreement. Defendant relies on Paragraph 22 of the agreement,

"Parties agree that husband shall have liberal visitation rights with his child, according to an understanding to be agreed by the parties, which shall be consistent with the best interests and welfare of said child."

The petition for contempt does not state whether the parties subsequent to the agreement of October 25, 1983, entered into an understanding concerning "liberal visitation rights . . . which shall be consistent with the best interests and welfare of said child." This is a civil contempt used to coerce the party into compliance with a court order. Wherefore, the order must be specific. Any ambiguity must be construed in favor of the person charged. Carborundum Co. v. Combustion Engineering, Inc., 263 Pa. Super. 1, 396 A.2d 1346 (1979). A party may not be held in contempt for failure to obey an order which is too vague or cannot be enforced. An order must be sufficiently definite so that that alleged contemnor knows what terms he is violating. Janet D. v. Carros, 240 Pa. Super. 291, 362 A.2d 1060 (1976).

A conviction for contempt of a court order can be sustained only if the order was definite, clear, spe-

cific and left no doubt or uncertainty in the mind to whom it was addressed. Commonwealth v. Garrison, 478 Pa. 356, 386 A.2d 971 (1978). We, therefore, conclude that although this court has jurisdiction to hear the matter of contempt, the agreement endeavored to be enforced is indefinite, unclear and so vague as to be unenforceable through a contempt action. Indeed, it would appear that defendant recognizes his position for he asks as alternative relief that this court set a visitation schedule.

Plaintiff, by her preliminary objections assumes this is what defendant wanted all along and challenges the venue of the court to make such a determination. She does so pursuant to Pa. R.C.P. 1915.2. By memorandum of defendant we learn further that plaintiff's position is that because plaintiff moved into Allegheny County with the child on August 1, 1984, that county must be regarded as the home county. Pa. R.C.P. 1915.2(a) provides that an action may be brought in any county, Subsection (1)(i), which is the home county of the child at the time of the commencement of the proceedings. Home county is defined in Pa. R.C.P. 1915.1(b) as the county in which the child immediately preceding the time involved lived with a parent for at least six months.[1]

1. Pennsylvania Rules of Civil Procedure 1915.1 et seq., concerning actions for custody, partial custody and visitation of minor children, were promulgated effective January 1, 1983. They were intended as an implementation of the Uniform Child Custody Jurisdiction Act of 1980 as found in 42 Pa. C.S. §§5341-5366. The Commonwealth Child Custody Jurisdiction Act as formerly found in 11 P.S. §§2401 to 2424 was repealed October 5, 1980 by the Act of 1980, P.L. 142, section 208 effective December 5, 1980. Some of its provisions were incorporated in the Uniform Child Custody Jurisdiction Act as

Under the definition of "home county," plaintiff by the time of filing of action had not been a resident of Allegheny County for at least six consecutive months.[2]

Therefore, it would appear that Mercer County is the proper venue for a determination of the estab-

---

found in 42 Pa. C.S. §5364. By an encompassing clause which provides "Except as otherwise provided in this section, the provisions of this subchapter allocating jurisdiction and functions between and among courts of different states shall also allocate jurisdiction and functions between and among the courts of common pleas of this Commonwealth.

A case demonstrating the conflict between two counties, both of which assumed jurisdiction and entered appropriate orders conflicting with each other was resolved by the Superior Court in Bem v. Bem, 316 Pa. Super. 390, 463 A.2d 16 (1983). The Pennsylvania Legislature adopted the Uniform Child Custody Jurisdiction Act on July 1, 1977. The Commonwealth Child Custody Jurisdiction Act was adopted one year later on June 28, 1978. The purpose of the Commonwealth Child Custody Jurisdiction Act which deals with venue within the courts of common pleas of Pennsylvania was to prevent child-snatching occurring from county to county within the confines of the Commonwealth. A consolidation of the two acts as noted above has been effected through the enactment of the Judicial Act Repealer Act Continuation Act of 1980.

2. Pa. R.C.P. 1915.1(b) provides that the six-months' period must be "preceding the time involved while section 5344 of the Uniform Child Custody Jurisdiction Act 42 Pa. C.S. §5344 uses "within six months before the commencement of the proceeding," although a question might arise as to what proceeding they are referring to in the Uniform Act. It conceivably could be the initial proceeding in which the custody action first came before the court. This can be a matter of years prior to the conflict then before the court arising from the subsequent pleading. We interpret both the procedural rules and the act to speak of the six-months' period immediately preceding the present matter brought before the court. See Hattoum v. Hattoum, supra.

lishment of reasonable rules concerning partial custody or visitation.[3]

Further, it is recognized that a court having jurisdiction may decline to hear the case and exercise jurisdiction if it finds that it is an inconvenient forum 42 Pa. C.S. §5348. In that no testimony was taken in this case as to whether this court should exercise jurisdiction, we enter an appropriate order granting to the parties their right to present testimony concerning that issue as well as whether Allegheny County is the home county for venue.[4]

Hence, this

## ORDER

And now, on this January 4, 1985, it is hereby ordered and decreed that plaintiff's preliminary objection to defendant's petition for contempt is granted. We do not sustain plaintiff's preliminary objection to defendant's petition to establish partial custody and visitation.

A further hearing shall be held on January 31, 1985, at 2:30 p.m. concerning the venue of this court to establish partial custody and visitation.

---

3. We recognize that if a "home state" (or county) is established, the burden of proof is upon the party attempting to demonstrate that the "home state" (or county) should not have jurisdiction. Warman v. Warman, 294 Pa. Super. 285, 439 A.2d 1203 (1982).

4. We open this issue to testimony because the pleadings do not state when the natural mother moved to Allegheny County. The date of August 1, 1984, was taken from a letter from counsel for plaintiff to this court of December 11, 1984, and is, therefore, not evidence.