626 A.2d 588

**C.R., a Minor, By the Guardian of Her Estate, Kathleen D. DUNN, Esquire, Appellees,**

v.

**THE TRAVELERS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1992.

Filed June 11, 1993.

John A. Fitzpatrick, Philadelphia, for appellant.

Jeffrey S. Lichtman, Philadelphia, for appellee.

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

KELLY, Judge:

In this Opinion, we are called upon to determine whether, on the basis of a petition for contempt, a trial court may, without hearing, direct the appellant, the Travelers, to submit another settlement draft to the court-appointed guardian of the estate of the appellee-minor, C.R., by finding that the appellant had acted negligently when it forwarded an earlier settlement draft to the appellee-minor's mother and guardian, H.R., who allegedly misappropriated the funds, instead of to the appellee-minor's counsel. We reverse.

The relevant facts and procedural history of this case are as follows. On November 11, 1988, C.R. was struck by an uninsured vehicle and sustained osteopathic injuries that were not life threatening. C.R. and her mother/guardian, H.R., instituted a lawsuit on April 6, 1990 against appellant, The Travelers Insurance Company, which was acting as the servicing agent for the Pennsylvania Financial Responsibility Assigned Claims Plan.[1]

After lengthy negotiations, the parties came to an agreement, settling on a sum of $15,000.00, pending approval of the trial court. C.R., by her natural guardian and through counsel, then filed suit to obtain court approval.[2] The settlement was approved on April 11, 1990 by the Honorable Samuel Lehrer of the Court of Common Pleas of Philadelphia County. The court order approving the settlement agreement set forth the terms of the settlement as follows:

1. The Pennsylvania Financial Responsibility Assigned Claims Plan was established to give victims some recourse when injured by uninsured vehicles. *See* 75 Pa.C.S.A. § 1752 and § 1753.

2. 42 Pa.R.Civ.P. 2039(a) provides that:
 (a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor.

# ORDER

AND NOW, to wit this 11th day of April, 1990, upon consideration of the annexed Petition, it is ORDERED that the settlement of this action for the gross sum of Fifteen thousand ($15,000) dollars be and is hereby approved, with distribution to be made as follows:

1. Costs reimbursed to Weinstein, Goss, Katzenstein & Schleifer Associates, P.C.:

 a. Costs of litigation: Thirty seven dollars fifty cents ($37.50).

 b. Pennsylvania Department of Transportation–Vehicle Registration Information: Fifteen ($15.00) dollars.

 c. City of Philadelphia–Police Accident Report: Five ($5.00) dollars.

 d. Albert Einstein Medical Center–Medical Records: Twenty ($20.00) dollars.

 TOTAL: Seventy seven dollars fifty cents ($77.50).

2. Pennsylvania Department of Public Welfare Lien: One thousand eight hundred sixty dollars sixty three cents ($1,860.63). Distributed as follows:

 a. One thousand two hundred forty dollars forty two cents ($1,240.42) to Pennsylvania Department of Public Welfare.

 b. Attorney's Fee (⅓ of Welfare Lien): Six hundred twenty dollars twenty one cents ($620.21) to Weinstein, Goss, Katzenstein and Schleifer Associates, P.C.

3. [H.R.], parent and natural guardian of minor [C.R.] in trust for [C.R.], said funds to be placed in a Federally insured account marked "not to be withdrawn until majority of minor or further Order of this Court," Eight thousand seven hundred seven dollars ninety one cents ($8,707.91).

4. Attorney's Fee (⅓ of net recovery of Plaintiff) Four thousand three hundred fifty three dollars ninety six cents ($4,353.96).

The following day, April 12, 1990, counsel for appellee-minor forwarded the duly signed Order to the appellant requesting that it forward the appropriate drafts in accordance with the order. On April 18, 1990, appellant promptly issued a check to H.R. in the amount of $8,707.91. This check stated on its face the following words: "to be placed in federal insd acct. not to be." On May 19, 1990, appellant received a letter from the law firm representing appellees which stated that H.R. had cashed the check and was spending the settlement money. Appellant immediately attempted to stop payment on the check, but was unsuccessful. On February 28, 1991, Kathleen D. Dunn, Esquire, a member of the same law firm that represented C.R. in the personal injury case, was appointed by the Orphans' Court to be guardian of the estate of C.R. for the purposes of filing suit on behalf of C.R. against the appellant and H.R. in order to retrieve the $8,707.91 which had been awarded to her as a result of the personal injury settlement. A lawsuit was then commenced on C.R.'s behalf by her court-appointed guardian against the appellant to recover $8,707.91.

On February 3, 1992, while the previously filed lawsuit was pending, the court-appointed guardian (the petitioner), filed a petition for contempt on behalf of C.R. against the appellant alleging that the appellant had violated the court order of April 11, 1990 by failing to include the words "not to be withdrawn until majority of minor or further order of this Court" and by mailing the initial settlement check directly to the mother-guardian, rather than to C.R.'s personal injury counsel. The appellant answered that it had fully complied with the clear and unambiguous language of the April 11, 1990 order and could not be penalized for its diligent adherence to the exact language contained in the order. At the trial court's request, the appellees forwarded affidavits from several attorneys and one claims adjuster which stated that in their experience, the usual custom and practice in minor's compromise cases is for settlement checks to be issued in the *exact language* contained in the court order which approved the settlement. The affidavits also stated that all settlement

checks would customarily be sent directly to plaintiff's counsel in accordance with the court's order. On May 15, 1992, the Honorable Samuel Lehrer entered an order without hearing, instructing the appellant to issue a draft in the amount of $8,707.91 made payable to the petitioner, guardian of the estate of [C.R.]. The order further instructed that the draft was to bear the wording "To be placed in a federally insured account marked 'Not to be withdrawn until majority of minor or further Order of this Court' " and either be mailed or hand delivered to petitioner's counsel.

In the opinion that accompanied the May 15, 1992 order, Judge Lehrer stated that the appellant's conduct in dispatching the settlement draft directly to the mother-guardian instead of C.R.'s counsel was clearly negligent. However, Judge Lehrer further stated that negligent conduct cannot be the subject of a contempt proceeding unless the negligence rose to the height of recklessness. Judge Lehrer then stated that he was declining to rule whether appellant's negligence rose to such a level as to warrant a contempt finding. Rather, he was issuing a new order giving the appellant the opportunity to comply with its terms before holding the appellant in contempt of court. This timely appeal followed.

 Regarding our scope of review, we note that our Supreme Court has held that an appellate court has the authority to determine whether the findings of the trial court support its legal conclusions, but may only interfere with those conclusions if they are unreasonable in light of the trial court's factual findings. *Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328 (1988). In the case of *In re J.W.*, 396 Pa.Super. 379, 578 A.2d 952 (1990), this Court stated:

> Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings. *See In re Adoption of J.J.*, 511 Pa. 590, 592–95, 515 A.2d 883, 885–86 (1986); *In re G.D.G.*, 392 Pa.Super. 575, 577, 573 A.2d 612, 613 (1990); *cf. Karis v. Karis, supra*, 544 A.2d 1328, 1332 (a similarly worded standard applies in custody appeals).

*Id.* 396 Pa.Super. at 387, 578 A.2d at 957. This Court has also held that we are not bound by the trial court's conclusions of law and we may draw our own conclusions from the facts as established. *See Gemini Equipment Co. v. Pennsy Supply, Inc.*, 407 Pa.Super. 404, 595 A.2d 1211 (1991). It is well-settled that this Court will not reverse or modify a final decree unless there has been an error of law, an abuse of discretion, or if the findings are not supported by the record, or there has been a capricious disbelief of the credible evidence. *Incollingo v. McCarron*, 416 Pa.Super. 419, 611 A.2d 287 (1992); *Miller v. Mifflin County Industrial Development Authority*, 319 Pa.Super. 188, 465 A.2d 1293 (1983).

On appeal, the appellant contends that the trial court exceeded its authority and committed an error of law by entering an order in a contempt action which directed the appellant to issue a second settlement draft when it did not find the appellant to be in contempt of its initial order. The appellant argues that the sole issue before the trial court in a contempt action is the alleged contemnor's compliance or non-compliance with the trial court's order and absent a finding of non-compliance, a party may not be subjected to sanctions. Thus, the appellant asserts that the trial court erred in directing the appellant to issue a second settlement draft upon the trial court's determination that the appellant had not acted in contempt of the initial order, but rather negligently in forwarding the first settlement draft directly to the appellee-minor's mother and guardian instead of to her counsel. We agree.

Contempt of court may be civil or criminal. *Schnabel Associates Inc. v. Building and Const. Trades Council of Philadelphia and Vicinity, AFL–CIO*, 338 Pa.Super. 376, 487 A.2d 1327 (1985). The controlling factor in drawing a line between civil and criminal contempt is the dominant purpose and objective of the court's order. *Neshaminy Water Resources Authority v. Del–Aware Unlimited Inc.*, 332 Pa.Super. 461, 481 A.2d 879 (1984). Civil contempt has as its dominant purpose the enforcement of compliance with an order of the court, for the benefit of the party in whose favor

the order runs, and the contemnor may purge himself of civil contempt by complying with the order. *Wetzel v. Suchanek,* 373 Pa.Super. 458, 541 A.2d 761 (1988).

 The objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances to compensate the complainant for loss sustained. *Knaus v. Knaus,* 387 Pa. 370, 127 A.2d 669 (1956). In civil contempt cases, the complaining party has the burden of proving non-compliance with the court order by a preponderance of the evidence. *Barrett v. Barrett,* 470 Pa. 253, 368 A.2d 616 (1977); *In re Grand Jury, April Term 1977 Wayne County,* 251 Pa.Super. 43, 379 A.2d 323 (1977). To be punished for civil contempt, a party must have violated a court order. *Woods v. Peckich,* 463 Pa. 274, 344 A.2d 828 (1975); *Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 253 A.2d 263 (1969). The order that forms the basis for the contempt process in civil proceedings must be definitely and strictly construed. *Carborundum Co. v. Combustion Engineering Inc.,* 263 Pa.Super. 1, 396 A.2d 1346 (1979). Any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor of the defendant. *Id.* Where the order is contradictory or the specific terms of the order have not been violated, there is no contempt. *In re Capuzzi's Estate,* 298 Pa. 71, 148 A. 48 (1929); *see also Janet D. v. Carros,* 240 Pa.Super. 291, 362 A.2d 1060 (1976).

 In her petition for contempt on C.R.'s behalf, the petitioner alleged two bases for finding the appellant to be in contempt of the April 11, 1990 order. The first basis was the appellant's failure to include the words "not to be withdrawn until majority of minor or further order of this court." Our examination of the copy of the tendered settlement draft reveals that while the appellant included the words "To Be Placed In Federally Insd Acct Not To Be," the appellant failed to include the words of limitation which would have prohibited the withdrawal of the settlement funds until either C.R.

reached the age of majority or the trial court permitted them to be withdrawn. However, our review of the exact wording of the April 11, 1990 order reveals that the order did not contain an instruction to the appellant that any wording was to be included on the settlement draft. Rather, the exact wording of the order contained an instruction to H.R. that the settlement funds were to be placed in a federally insured account marked "not to be withdrawn until majority of minor or further Order of this Court." Thus, the appellant's failure to place such wording on the face of the settlement draft could not have been contemptuous as it was not compelled by the exact wording of the order to place any limiting instructions on the face of C.R.'s settlement draft. Therefore, a contempt finding could not and was not premised upon the appellant's failure to place such language on the face of C.R.'s settlement draft.

Although absent a specific instruction in the order that the appellant was to include on the face of the settlement draft language restricting the access to the settlement funds until either the minor reaches the age of majority or prior approval of the court is obtained, appellant could not be held in contempt, we do note that 42 Pa.R.Civ.P. 2039(b)(2),[3] while not compelling trial courts to explicitly state in their orders that this restrictive language must be placed on the face of a settlement draft, does require this restrictive language to be part of any order authorizing the settlement of a minor's claim. We further note that 42 Pa.R.Civ.P. 2039(b)(2) requires compliance with this mandate to be filed of record. However, because in a contempt action we are merely con-

---

**3.** 42 Pa.R.Civ.P. 2039(b)(2)

(2) any amount in cash of a resident or non-resident minor to be deposited in one or more savings accounts in the name of the minor in banks, building and loan associations or savings and loan associations, deposits in which are insured by a Federal governmental agency, provided that the amount deposited in any one such savings institution shall not exceed the amount to which accounts are thus insured. Every such order shall contain a provision that no withdrawal can be made from any such account until the minor attains his majority, except as authorized by a prior order of the court. Proof of the deposit shall be promptly filed of record.

cerned with the issue of whether the appellant has complied with the specific terms of the order which is the subject of the contempt action, *see In re Capuzzi's Estate, supra,* we are not permitted to decide whether appellant was negligent for failing to place such language on the face of the settlement draft. The resolution of this issue must be determined in the other action which is currently pending between the parties.

The second basis set forth in the contempt petition for finding the appellant to be in contempt of the order was that the appellant delivered the settlement draft containing C.R.'s share of the settlement proceeds directly to C.R.'s mother and guardian, H.R., instead of to her counsel. Our review of the specific terms of the order reveals that it did not mandate that the appellant was to deliver the settlement draft of C.R.'s share of the settlement proceeds to her counsel. In fact, the order's specific terms contained no provision at all for the delivery of C.R.'s share of the settlement proceeds. Therefore, on April 12, 1990, when C.R.'s counsel sent the appellant a letter with a copy of the order instructing it to forward the appropriate drafts in accordance with the order, the appellant was left to its own devices as to how to accomplish the delivery of C.R.'s share of the settlement proceeds. The appellant chose to send C.R.'s share of the settlement proceeds directly to H.R. instead of C.R.'s counsel. While the appellant's decision to send C.R.'s share of the settlement proceeds directly to H.R., instead of C.R.'s counsel, may or may not have been contrary to the established custom for distributing the proceeds in a minor's compromise settlement, it was not in contravention of the specific terms of the order. Therefore, the direct delivery of C.R.'s share of the settlement proceeds to H.R. cannot serve as a basis for holding the appellant in contempt of the order. Thus, a contempt finding could not be premised upon the appellant's failure to deliver the settlement draft containing C.R.'s share of the settlement proceeds to her counsel.

The trial court, while not holding that the appellant's direct delivery of C.R.'s share of the settlement proceeds to H.R., instead of C.R.'s counsel, was contemptuous, did deter-

mine that this action was negligent. The trial court then proceeded to use its negligence finding as a means to correct the flaws and ambiguities that had been contained in its original order by issuing a new order. In this new order, the trial court directed the appellant to issue another draft in the amount of $8,707.91, made payable to the court-appointed guardian of C.R.'s estate. This new order also instructed that the second settlement draft was to bear the words "To be placed in a federally insured account marked 'Not to be withdrawn until majority of minor or further Order of this Court.'" Finally, the new order mandated that the second settlement draft either be mailed or hand delivered to C.R.'s counsel.

As stated earlier, the objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order. *Knaus v. Knaus, supra.* Any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor of the defendant. *Carborundum v. Combustion Engineering Inc., supra.* Where the order's specific terms have not been violated, there is no contempt. *In re Capuzzi's Estate, supra.*

Instantly, due to the silence of the order, no contempt finding could be warranted upon the premises that the appellant had acted in contravention of the trial court's order by sending C.R.'s share of the settlement proceeds directly to H.R. instead of to C.R.'s counsel. However, based upon its determination that the appellant had acted negligently, the trial court sanctioned the appellant all the same by entering a new order requiring the appellant to submit another draft for C.R.'s share of the settlement proceeds after the appellant had already fully complied with all of the specific terms of the trial court's original order. The trial court also utilized its negligence finding as a means to correct the flaws and omissions contained in its original order by directing the appellant to place on the face of the second settlement draft the wording "To be placed in a federally insured account marked 'Not to be withdrawn until majority of minor or further Order of this

Court' " and by making explicit instructions that the second settlement draft be delivered to C.R.'s counsel.

This course of action by the trial court was impermissible in an action for contempt where the sole purpose is to determine whether the alleged contemnor has complied or failed to comply with the trial court's order. A contempt petition may not be utilized by a trial court as means to correct flaws or omissions contained in the order which is the subject of the contempt petition.

As our review indicates, there is no question that the appellant complied with the specific terms of the trial court's original order. Thus, the trial court erred in entering a new order which corrected the flaws and omissions contained in the original order and directing the appellant to submit another draft for C.R.'s share of the settlement proceeds in compliance with this new order or be held in contempt. Therefore, this new order is reversed. Accordingly, the issues of whether the appellant acted negligently by failing to include restrictive language concerning the disposition of C.R.'s share of the settlement proceeds on the face of the draft and whether the appellant acted negligently in forwarding the draft containing C.R.'s share of the settlement proceeds to H.R. rather than to C.R.'s counsel must await resolution in the other lawsuit currently pending between the parties.

Based upon the foregoing, the order of the trial court is reversed.

Order reversed.